COMMONWEALTH *vs.* FRANCIS B. CROWNINSHIELD.

Suffolk.     November 14, 1904. — January 5, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Boston Park Commissioners.   Parks and Parkways.   Automobile.   Words,* "Drive."

Under St. 1893, c. 300, § 1, the Boston park commissioners lawfully could take as a parkway Commonwealth Avenue in that city, from Arlington Street, where it begins, to its intersection with Beacon Street, with the consent of the public authorities having control of that avenue and with the consent in writing of the owners of a majority of the frontage of the lots abutting thereon, to connect it with the public park or driveway under their control called the Back Bay Fens, although having no control over the Public Garden which abuts on Arlington Street.

Under St. 1875, c. 185, § 3, and St. 1893, c. 300, § 3, the Boston park commissioners have power to make rules for the use and government of the parkways under their control, and a rule made by them that "no person shall ride or drive in Commonwealth Avenue at a rate of speed exceeding eight miles an hour" is valid, being authorized by statute and reasonable.

St. 1902, c. 315, § 1, regulating the speed of automobiles throughout the Commonwealth, repealed by St. 1903, c. 473, § 15, and superseded by § 8 of the same statute, did not abrogate any park regulations or deprive any park commissioners of powers conferred by previous statutes to regulate the speed of vehicles on parkways, referring only to public highways, streets and ways, and § 8 of the superseding statute referring only to public ways or private ways, excluding parkways.

The provision of St. 1903, c. 473, § 14, that no special regulation as to the speed of automobiles "shall be effective unless notice of the same is posted conspicuously at the points where any road affected thereby joins other roads," applies only to regulations made by boards of aldermen of cities or the selectmen of towns, and has no application to rules made by park commissioners.

One who is controlling the motive power of an automobile may be said to be driving it within the meaning of a rule, made by a board of park commissioners, that no person shall "ride or drive" in a certain parkway at a rate of speed exceeding eight miles an hour.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on December 1, 1903, charging the defendant

with riding and driving an automobile at a rate of speed greater than eight miles an hour on Commonwealth Avenue in Boston, in violation of a rule of the board of park commissioners of that city.

On appeal to the Superior Court, the case was tried before *Aiken,* J., who refused to make the rulings requested by the defendant. The jury returned a verdict of guilty, and the judge imposed sentence, but, being of opinion that there was a reasonable doubt whether such judgment should stand, made a certificate to that effect, and the defendant alleged exceptions, raising the questions stated by the court,

The following reduced copy of a plan attached to the bill of exceptions shows the portion of Commonwealth Avenue which is under the control of the park commissioners :

*F. R. Bangs,* (*B. Wendell, Jr.* with him,) for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth, submitted a brief.

LATHROP, J.   The defendant was found guilty of violating a rule of the board of park commissioners of the city of Boston, which provides that "No person shall ride or drive in Commonwealth Avenue at a rate of speed exceeding eight miles an hour." At the trial it appeared that the defendant, on November 30, 1903, was running an automobile at a rate of speed exceeding eight miles an hour, in Commonwealth Avenue between Exeter Street and Fairfield Street.   Many objections were raised in the court below, and come before us on the defendant's exceptions. So much of Commonwealth Avenue as lies between Arlington Street and the intersection of that avenue with Beacon Street was taken for park purposes by the board of park commissioners on June 29, 1894.

1. It is contended that the board of park commissioners never acquired any jurisdiction over the part of Commonwealth Avenue where the offence was committed.   This depends on the construction to be given to the St. of 1893, c. 300, § 1.   This

section is as follows : " Any board of park commissioners consti-tuted under the authority of chapter one hundred and fifty-four of the acts of the year eighteen hundred and eighty-two as amended by chapter two hundred and forty of the acts of the year eighteen hundred and ninety, or of any special acts, shall have power to connect any public park, boulevard or driveway under its control, with any part of any city or town in this Com-monwealth wherein it has jurisdiction, by selecting and taking any connecting street or streets, or part thereof, leading to such park, and shall also have power to accept and add to any such park any street or part thereof which adjoins and runs parallel with any boundary line of the same : provided, that the consent of the public authorities having control of any such street or streets so far as selected and taken, and also the consent in writ-ing of the owners of a majority of the frontage of the lots and lands abutting on such street or streets so far as taken, shall be first obtained."

It appears that the public authorities having control of Com-monwealth Avenue assented to the selection and taking of the portion of the avenue taken, and that the consent in writing of the owners of a majority of the frontage of the lots and lands abutting on the avenue has been obtained. The contention of the defendant is that as the board of park commissioners has no control over the Public Garden, which abuts on Arlington Street for the entire length of that street, it could not take the avenue for the purpose of connecting the Public Garden with the Back Bay Fens. But we are of opinion that the language of the stat-ute is broader than this. The board of park commissioners is expressly given the power " to connect any public park, boule-vard or driveway under its control," (in this case the Back Bay Fens,) " with any part of any city or town in this Common-wealth wherein it has jurisdiction, by selecting and taking any connecting street or streets, or part thereof, leading to such park." The object of the statute was to give a board of park commissioners having jurisdiction of a park in any city or town power to take, under the conditions above set forth, any street connecting with that park in the same city or town, and was not limited to the taking of a street connecting two parks.

The view which we have adopted is in accordance with that

taken by the Commissioners on the Revised Laws, and adopted by the Legislature: "Such boards may connect any public park, boulevard or driveway, under its control, with any part of a city or town for which they are appointed by taking any connecting streets, or part thereof leading to such park," etc. Report of Commissioners, c. 28, § 3. R. L. c. 28, § 3.

2. It is next contended that, if the park commissioners had jurisdiction over that part of Commonwealth Avenue where the offence was committed, their jurisdiction was limited to acts of maintenance and management, and did not embrace the power to pass the rule in question. But § 3 of the St. of 1893, c. 300, reads as follows: "Such boards of park commissioners shall have the same power and control over the streets or parts of streets taken under this act as are or may be by law vested in them concerning the parks, boulevards or driveways under their control."

To ascertain the power of the board we turn to the St. of 1875, c. 185, § 3, which not only gave the board power to take land for parks, and "to lay out, improve, govern and regulate" the same, but also "to make rules for the use and government thereof, and for breaches of such rules to affix penalties not exceeding twenty dollars for one offence." Power is also given to employ a police force.

We cannot doubt the power of the board of park commissioners, under the statutes cited, to regulate the speed at which a person shall "ride or drive" in a park or in a street which is within the jurisdiction of such commissioners. In *Commonwealth* v. *Abrahams*, 156 Mass. 57, where a rule made by the park commissioners under the St. of 1875, c. 185, § 3, was held to be valid, it was said in the opinion of the court: "The parks of Boston are designed for the use of the public generally, and whether any park or a part of any park can be temporarily set aside for the use of a portion of the public is for the park commissioners to decide, in the exercise of their discretion."

The general question which arises where a by-law or ordinance of a city, or a rule of a board of park commissioners is concerned is whether it is authorized by a statute, and whether it is reasonable. See *Commonwealth* v. *Stodder*, 2 Cush. 562, 570. The rule in question was authorized by statute and was reasonable.

No question has been raised as to the power of the Legislature to authorize the board of park commissioners to make the rule relied upon, and it is evident that such contention, if made, could not prevail. *Brodbine* v. *Revere*, 182 Mass. 598, 602.

3. The next contention is that if the board of park commissioners had ‘power to pass rules, such power was taken away by subsequent legislation. The argument is that because the St. of 1902, c. 315, regulated the speed of automobiles throughout the State, it abrogated all park regulations. It is clear however that this statute was not intended to apply to park regulations. It refers to the speed of automobiles on public highways, streets and ways. This act was repealed by the St. of 1903, c. 473, § 15, the previous section containing a clause that "nothing herein contained shall be so construed as to affect the rights of boards of park commissioners as authorized by law." The reason for this is that the act contains certain general regulations which apply to all automobiles, but § 8, which applies to speed limit only, applies to a public way or private way laid out under the authority of statute.

4. The next contention is that under § 14 of the St. of 1903, c. 473, no regulation of the park commissioners shall be effective unless notice of the same is posted conspicuously at the points where any road affected thereby joins other roads. But a reading of the section shows very clearly that the last sentence of the section applies only to special regulations made by boards of aldermen of cities and selectmen of towns, and has nothing to do with boards of park commissioners. The section reads as follows : " Nothing herein contained shall be so construed as to affect the rights of boards of park commissioners as authorized by law. Boards of aldermen of cities and the selectmen of towns may make special regulations as to the speed of automobiles and motor cycles, and as to the use of such vehicles upon particular roads or ways, including the right to exclude them altogether therefrom. Such exclusion, however, shall be subject to an appeal to the Massachusetts highway commission, whose decision in the case shall be final. No such special regulation shall be effective unless notice of the same is posted conspicuously at the points where any road affected thereby joins other roads."

5. The last contention is that the rule of the board of park commissioners is too indefinite to support criminal proceedings. Fault is found with the words " ride or drive "; but we are of opinion that a person may be said to be driving an automobile if he is controlling the motive power.

We find nothing else in the case which requires special consideration.

*Exceptions overruled.*