## COMMONWEALTH *vs.* FRANK J. TYLER.

Suffolk.    June 16, 1908. — September 8, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Automobile.    Park Commissioners.    Statute.*

The power which was granted to the board of park commissioners by St. 1875, c. 185, § 3, "to make rules for the use and government" of the parks and parkways, which still was in force after the enactment of St. 1903, c. 473, § 8, regulating the operation of automobiles throughout the Commonwealth, remains unaffected by St. 1905, c. 366, § 1, with regard to the regulation of speed of automobiles, which, although not so expressed in terms, must be regarded as an amendment of St. 1903, c. 473, § 14, or by St. 1906, c. 412, § 1, which amended St. 1903, c. 473, § 8.

COMPLAINT, signed and sworn to in the Municipal Court of the Brighton District of the city of Boston November 21, 1907, charging the defendant with driving an automobile at a rate of speed not permitted by the rules and regulations of the park commissioners of the city of Boston.

On entry of the case after appeal to the Superior Court, the defendant filed a motion to quash the complaint, which was heard and denied by *De Courcy*, J.; and the defendant appealed.

The case was submitted on briefs.

*A. P. Teele*, for the defendant.

*I. Isaacs*, Assistant District Attorney, for the Commonwealth.

MORTON, J. The defendant was arrested on a warrant issued by the Municipal Court of the Brighton District of the city of Boston upon a complaint charging that he rode and drove "an automobile on Commonwealth Avenue in said Boston . . . other than between Arlington and Beacon Streets, the said avenue being then and there a public reservation in charge of the park commissioners of the city of Boston, and did then and there ride and drive said automobile at a rate of speed exceeding twelve miles an hour contrary to the rules and regulations of said commissioners, and the form of the statute in such case made and provided." At the trial in the municipal court the defendant was found guilty and sentenced to pay a fine of $15. He appealed to the Superior Court, and in that court he duly filed a motion

to quash the complaint on the ground, first, that the park commissioners had no authority to regulate the speed of automobiles, and that the complaint set forth no offense known to the laws of this Commonwealth; second, that the complaint contained no reference to the statute authorizing the park commissioners to regulate the speed of automobiles, and was not drawn in conformity to St. 1903, c. 473, and amendments thereof, which, it is alleged, supersede all other authority on the part of the park commissioners over public and private ways in this Commonwealth. The motion to quash was denied and the defendant excepted. There was a verdict of guilty and the defendant was duly sentenced, but the presiding judge certified that in his opinion there was reasonable doubt whether the sentence should stand, and ordered the execution thereof to be stayed till the further order of the court.

If the park commissioners had authority to make rules and regulations affecting the speed of automobiles, it is not contended that they had not jurisdiction of that portion of Commonwealth Avenue where the offense charged is alleged to have been committed; but the defendant contends that the effect of St. 1906, c. 412, § 1, was to divest the commissioners of the authority which this court held in *Commonwealth* v. *Crowninshield,* 187 Mass. 221, was given to them by St. 1875, c. 185, § 3, and which the court also held, in substance and effect, was not changed or modified by St. 1902, c. 315, or St. 1903, c. 473. The argument is that the language of St. 1906, c. 412, § 1, " Every person operating an automobile or motor cycle on any public or private way laid out under authority of law," is broad enough to include streets in parks and streets connected with parks; that there is no saving clause in St. 1906, c. 412, in relation to park commissioners as there was in St. 1903, c. 473, and is in St. 1905, c. 366; that St. 1903, c. 473, § 14, which contained a saving clause as to park commissioners was repealed by St. 1905, c. 366, § 2; that St. 1905, c. 366, is an independent statute having no relation to the rates of speed at which automobiles may be driven; and that, there being now no saving clause as to the park commissioners in any of the statutes relating to the speed of automobiles, it follows that they had no right to make any regulations concerning the speed of auto-

mobiles in the parks or streets connected therewith under their jurisdiction. The defendant also contends that the policy of the Commonwealth has changed so that, instead of the rate of speed being now an arbitrary one, the question is, in substance in each case, whether the rate of speed was under the circumstances reasonable as regarded the safety of the public and the use of the way by other persons and vehicles. But the short answer to these contentions is, it seems to us, that St. 1906, c. 412, § 1, is an amendment of St. 1903, c. 473, § 8, and that St. 1905, c. 366, § 1, must be regarded, though it is not expressly so declared, as an amendment of St. 1903, c. 473, § 14, which act as amended is still in force, and that by St. 1905, c. 366, § 1, the rights of park commissioners are expressly saved. This renders it unnecessary to consider what the construction of the statute relied on by the defendant would be if the saving clause in regard to the park commissioners contained in the amendatory act of 1905 were not to be regarded as incorporated into St. 1903, c. 473. As thus amended St. 1903, c. 473, has the same effect so far as regards the right of park commissioners to make rules and regulations concerning the speed of automobiles as the statute, as it originally stood, had. And as already observed the court held in effect in *Commonwealth* v. *Crowninshield,* *supra,* that there was nothing in it that affected the right of the commissioners to make such rules and regulations. We find nothing in any of the statutes relating to the operation of automobiles showing an intention on the part of the Legislature to divest park commissioners of the authority which they had under St. 1875, c. 185, § 3, to make rules and regulations concerning the speed at which automobiles may be driven in parks and streets under their jurisdiction. St. 1902, c. 315. St. 1903, c. 473. St. 1905, cc. 311, 366. St. 1907, cc. 203, 408, 494, 580.

The other grounds on which the motion to quash was based, namely, those relating to the sufficiency of the complaint, have not been argued and we, therefore, treat them as, in effect, waived.

*Judgment affirmed.*