ATHOS V. LONGO, trustee, *vs.* BOARD OF APPEALS OF MALDEN. January 30, 1978. The judgment appealed from must be reversed because the judge's findings make clear that he took into consideration as evidence an appraisal which was stipulated to be "attached to the return" of the board but which was not admitted in evidence. The judge was required to determine the facts solely from the evidence introduced before him. *Devine* v. *Zoning Bd. of Appeals of Lynn,* 332 Mass. 319, 321-322 (1955. The plaintiff is not entitled to entry of judgment in his favor on the present record, because (1) he had (as he concedes) the burden of proving that the fire did not diminish the value of his property by more than fifty per cent, (2) the judge was not required to accept his estimate of the value of that property even if there had been no other evidence of its value, and (3) the evidence that the plaintiff assigned the property a lower value in his application for an abatement was not confined to use for impeachment purposes as a prior inconsistent statement but was also entitled to probative weight as an admission. See Leach & Liacos, Massachusetts Evidence 194 (4th ed. 1967).

*Judgment reversed.*

*Willard J. Stievater* for the plaintiff.
*Thomas H. Fallon,* Assistant City Solicitor, for the defendant.

COMMONWEALTH *vs.* NORMAN S. EINARSON, JR. January 31, 1978. The prosecution offered no evidence of the content of any rule or regulation of the board of park commissioners (see G. L. c. 45, §§ 2, 5 and 24; *Fitzgerald* v. *Lewis,* 164 Mass. 495, 501 [1895]; *Commonwealth* v. *Crowninshield,* 187 Mass. 221, 222, 224 [1905]; *Strachan* v. *Mayor of Everett,* 326 Mass. 659, 662 [1951]) or of any town board or committee (see G. L. c. 45, § 14) which forbade anyone to enter or remain in the park or playground (see G. L. c. 266, § 120) after 11:00 P.M. and which could have justified the presence of the signs described by the police officer or the verbal direction he gave the defendant. The judge could not take judicial notice of any such rule or regulation. *Brodsky* v. *Fine,* 263 Mass. 51, 54 (1928). *Commonwealth* v. *Berney,* 353 Mass. 571, 572 (1968). These points were raised by the fourth ground of the defendant's motion for a directed verdict, which should have been allowed. Contrast *Commonwealth* v. *Sherman,* 191 Mass. 439, 441 (1906). The exceptions are sustained, and judgment is to be entered for the defendant.

*So ordered.*

*Walter G. Bilowz* for the defendant.
*Susan C. Mormino,* Assistant District Attorney (*James W. Sahakian,* Assistant District Attorney, with her) for the Commonwealth.