STATE OF MAINE *vs.* GEORGE BARBELAIS, Appellant.

Androscoggin.    Opinion August 7, 1906.

*Municipal Corporations. Municipal Ordinance Prohibiting Trade in Public Street. Construction of Same. R. S., c. 4, § 93.*

Municipal corporations are authorized by statute to pass ordinances "not inconsistent with law," for the purpose, among other things, of regulating the use of their streets.

A municipal ordinance of the city of Auburn, providing that "no person shall in any part of a public street carry on any trade or business," unless the same is authorized in the manner therein provided, is not inconsistent with law, and is not unreasonable nor oppressive, when reasonably construed.

This ordinance should not be construed as prohibiting persons who happen to be upon the streets from commencing and consummating business transactions, nor that one person may not make a sale of an article to another upon a street, as the result of private negotiation, but it was intended to prohibit a person from offering articles for sale to the public in a public manner, either from a permanent stand or from a cart which he drives or pushes along the street with frequent stops whenever any one on the street desires to make a purchase of him. A person who is offering for sale articles in the street in this manner is using the streets of the city, not for the public purpose of travel, for which purpose streets are located and constructed, but for the private purpose of trade or business.

In accordance with the agreed statement of facts, the respondent in this case, "was selling strawberries, pineapples and bananas out of a push cart in one of the streets of Auburn, but was not blocking the highway or making any disturbance, but was going from place to place disposing of fruit to whomever expressed a desire to purchase the same."

*Held :* that these admitted acts of the respondent were within the letter and spirit of the ordinance.

On report. Judgment for the state.

In this case, an "agreed statement" of the following tenor, was filed : "This is a prosecution for a violation of one of the revised ordinances of the City of Auburn, which is as follows :

"Section 38. No person shall in any part of a public street carry on any trade or business unless the same is especially allowed

by law or some ordinance of the city without a written permit so to do from the Board of Mayor and Aldermen, or some person by them duly authorized to grant the same.

"The defendant is a Greek, and on the day of the date of the complaint lodged against him by the City Marshal of Auburn, was selling strawberries, pineapples and bananas out of a push cart in one of the streets of Auburn, but was not blocking the highway or making any disturbance, but going from place to place disposing of fruit to whoever expressed a desire to purchase the same.

"The complaint dated June 29, 1905, set out in proper words an alleged violation of the ordinance and the state and the defendant agree that the same, and the facts above stated, be reported to the Law Court for their decision as to whether or not any offence punishable by law has been committed, and whether the ordinance if valid extends to an act such as it is agreed was committed by the defendant.

"This ordinance with others was approved November 8, A. D. 1898, by William P. Whitehouse, Justice of the Supreme Judicial Court.

"If the above ordinance is valid judgment should be entered for the state, otherwise for the defendant."

*Ralph W. Crockett,* County Attorney, for the state.

*George C. Wing and George C. Wing, Jr.,* for defendant.

SITTING : WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS, SPEAR, J. J.

WISWELL, C. J.    Two questions are presented in this case, which comes to the Law Court upon a report of the agreed facts.

First.    As to the validity of the following municipal ordinance of the City of Auburn : "Section 38.    No person shall in any part of a public street carry on any trade or business unless the same is especially allowed by law or some ordinance of the city without a written permit so to do from the Board of Mayor and Aldermen or some person by them duly authorized to grant the same."

Municipal corporations are authorized by statute R. S., c. 4, sec,

93, to pass ordinances, "not inconsistent with law," in relation to a large variety of subjects, and, among other things, for the purpose of regulating the use of their streets. This ordinance is therefore valid unless it is inconsistent with law or unless it is unreasonable and oppressive, a question of law for the court. *Jones* v. *Sanford,* 66 Maine, 585. The ordinance is not inconsistent with any provision of law, and we are unable to perceive anything unreasonable in an ordinance, when reasonably construed, the object of which is to prevent the carrying on of trade or business in the public streets of a city. Upon the contrary it seems to us to be a salutary regulation by the municipality as to the use of its public streets. Streets are located and constructed, and the private property of individuals taken therefor, by the exercise of the right of eminent domain, when necessary, for the public purpose of travel, and not that other individuals may use these streets for the private purpose of carrying on trade or business therein.

Nor is it an objection to the validity of such an ordinance regulating the use of the streets, that the acts prohibited would not in and of themselves necessarily obstruct travel, or in any way create a nuisance. The carrying on of trade or business in the public streets by one, or by a few persons, might not be of sufficient consequence to materially obstruct the public travel, while if the same thing should be done by many it might create a serious obstruction and nuisance, and what may be done by one in this respect, all must have an equal right to do. The purpose of this ordinance was to preserve the use of the streets in the city for the public purposes for which all streets and ways are constructed.

A somewhat similar ordinance was sustained by the Massachusetts court in *Nightingale, Petitioner,* &c., 11 Pick. 168, the court saying in its opinion: "The city government had an undoubted right to prohibit the occupation of the stand in the street by any one, or by any one not having a license or permission for that purpose from the clerk of the market." And in *Commonwealth* v. *Ellis,* 158 Mass. 555, it was held that an ordinance of a city which provided that no person should sell in any street or from any building, any goods or article to any person on the street, except in accordance with a

permit from the superintendent of streets, is reasonable, constitutional and valid.

The remaining question is whether the admitted acts of the respondent were within the prohibition of the ordinance. These acts are thus stated in the agreed statement; the respondent, on the day that he was complained of, "was selling strawberries, pineapples and bananas out of a push-cart in one of the streets of Auburn, but was not blocking the highway or making any disturbance, but was going from place to place disposing of fruit to whomever expressed a desire to purchase the same." The ordinance must, of course, receive a reasonable construction. It was not intended to prohibit two persons who happened to be on the street from commencing and consummating a business transaction, nor, necessarily that one person may not make a sale of an article to another upon the street, as the result of private negotiation, but it does mean, we think, that a person shall not, among other things, offer articles for sale to the public and in a public manner, either from a permanent stand or from a cart which he drives or pushes along the street with frequent stops whenever any one on the street desires to make a purchase of him. A person who is offering for sale articles in this manner is using the streets of the city, not for the purpose of travel along the streets in going from place to place, but as a place of business, and such acts are within the prohibition of the ordinance.

The admitted acts of the respondent were, we think, within the letter and spirit of the ordinance. In accordance with the stipulation of the report the judgment will be entered for the state and the case remanded to nisi prius for further proceedings.

*Judgment for the State.*

*Case remanded to nisi prius.*