COMMONWEALTH vs. FRED T. ALLEN.

Suffolk.   November 15, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Boston*, Publication of rules and regulations of street commissioners. *Notice*. *Way*, Public.

The provision of St. 1908, c. 447, § 1, requiring advertisement " for at least two weeks in two or more newspapers " in Boston of a regulation of the street commissioners of Boston regarding street traffic, is satisfied by a publication in one of three papers beginning on a Tuesday, December 15, and lasting continuously until December 29, excepting for Sundays, December 20 and 27; in the second paper on the same dates as in the first, with the further exception of Christmas day; and in the third paper continuously from Tuesday, December 22, to January 4, excepting Sundays, December 27 and January 3, although two of the newspapers had Sunday editions.

---

* The plaintiff's fall occurred between six and seven o'clock in the evening of January 29, 1907, after dark.

*It seems*, that the provision of St. 1908, c. 447, § 1, that the city clerk of Boston shall advertise "for at least two weeks in two or more newspapers published in said city" regulations of the board of street commissioners of Boston regulating street traffic, would be satisfied by such an advertisement in each of two weeks as may be reasonable notice to the public, and, per RUGG, J., it is conceivable that a publication in weekly newspapers or once a week in daily newspapers of sufficient circulation and public regard might be a compliance with the law.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on April 12, 1909, charging the defendant with violation of a rule. and regulation of the board of street commissioners of Boston requiring persons driving on certain parts of Massachusetts Avenue to drive on the right side of the parkway which divides the way longitudinally.

On appeal the case was tried in the Superior Court before *Schofield*, J. The sole question was that stated in the opinion. The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. A. Thibodeau & G. L. Ellsworth*, for the defendant.

*P. Rubenstein*, Assistant District Attorney, for the Commonwealth.

RUGG, J. This complaint charges the defendant with the violation of a regulation passed by the street commissioners of the city of Boston under the authority of St. 1908, c. 447, § 1. This section requires such regulation to "be advertised . . . for at least two weeks in two or more newspapers published in said city." The regulation in question was duly passed and advertised in Boston newspapers as follows: In the Transcript and Globe from December 15, 1908, to December 29, 1908, inclusive, except on the two Sundays, December 20 and 27, and on Christmas in the Transcript; and in the Herald from December 22, 1908, to January 4, 1909, inclusive, except on the Sundays, December 27 and January 3. The Globe and Herald issue Sunday editions, but the Transcript does not, and the exceptions do not show whether it was published on Christmas, 1908.

The point relied on by the defendant is that the regulation was not published as required by the statute. He contends that an advertisement for at least fourteen consecutive days, including Sundays and holidays, will alone satisfy the terms of the statute.

Unequivocal, unmistakable and imperative language would be needed in this Commonwealth of Puritan tradition and achievement to show a legislative intent requiring work to be performed on the Lord's day.   But an examination of the statutory phrase quoted from the section we are considering in the light of other statutes and the decisions of this court makes it clear that it is not susceptible of the construction urged by the defendant.   In *Bachelor* v. *Bachelor*, 1 Mass. 256, an order of notice to be published " three weeks successively " was held to have been complied with if printed once each week in a newspaper issued semi-weekly.   St. 1863, c. 107, § 2, required a notice to be published " for two weeks successively " in a newspaper in Springfield.   A publication in a daily newspaper two days in each week was held to be a compliance with the statute.   *Brewer* v. *Springfield*, 97 Mass. 152.   Gen. Sts. c. 19, § 14, provided that rules as to carriages must be published " at least one week in some newspaper."   Such rules adopted by the board of aldermen of Boston were held to be legal by a publication once in several Boston papers.   *Commonwealth* v. *Matthews*, 122 Mass. 60.   The validity of tax sales under statutes requiring an advertisement for " three weeks " (Gen. Sts. c. 12, § 28, Pub. Sts. c. 12, § 30, St. 1888, c. 390, § 35) has never been questioned because made only once in each week.   Such advertisement has been a general practice.   In many towns of the State no other might be possible.   See *Wall* v. *Wall*, 124 Mass. 65.   Other provisions of statute for publication for one or more weeks seem plainly to indicate that once in each week is intended.   See R. L. c. 25, § 24; c. 95, § 7; c. 78, § 32.

All that the present statute requires is such an advertisement in two weeks as may be reasonable notice to the people.   It is conceivable that a publication in weekly newspapers or once a week in daily newspapers of sufficient circulation and public regard might be a compliance with the law.   Clearly the advertisement here assailed was sufficient.

*Exceptions overruled.*