## COMMONWEALTH *vs.* HARRY E. RICE.

Hampden.    November 8, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Public: cab stands. *Taxicab. Municipal Corporations,* By-laws and ordinances. *Constitutional Law,* Police power.

An order adopted by the board of aldermen of Springfield requiring taxicabs, and vehicles used for the carriage of persons and things for hire, to make use of taxicab stands, and excluding all other vehicles from space reserved for such a stand on a public street or highway where no person has a legal title to or interest in the land greater than an easement of travel held in common with all citizens, is authorized by G. L. c. 40, § 22, is reasonable, and is not an unconstitutional exercise of the police power.

COMPLAINT, received and sworn to in the District Court of Springfield on January 14, 1927, and described in the opinion.

On appeal to the Superior Court, the defendant waived his right to a trial by jury and the complaint was heard by *Callahan,* J., without a jury, upon an agreed statement of facts. Material facts are described in the opinion. The judge found the defendant guilty and reported the case to this court for determination.

The case was submitted on briefs.

*G. W. Gordon,* for the defendant.

*C. R. Clason,* District Attorney, for the Commonwealth.

PIERCE, J. The defendant was before the District Court of Springfield on a complaint which charged in substance that "the defendant did allow a certain motor vehicle to remain standing on a taxicab stand on the north side of Bridge Street, beginning thirty . . . feet westerly from Broadway curb, and extending westerly thirty . . . feet, without having been licensed so to do." He was found

guilty and fined $3 in the District Court on March 11, 1927, from which sentence he appealed to the Superior Court.

The defendant waived his right to a jury in the Superior Court, and the case was heard by a judge of that court on a statement of facts, which were found by the judge to be as follows: "The defendant, Harry E. Rice, is a resident of Springfield, Hampden County, Massachusetts. . . . On October 18, 1926, the board of aldermen of the city of Springfield passed and the mayor approved an order for the regulation of certain vehicles used in the city of Springfield," the material sections of which are: "Section 1. Every motor vehicle used for the carriage of passengers for hire shall be deemed to be a taxicab within the meaning of these orders, except a motor vehicle operated in the manner and for the purposes stated in G. L. c. 159, § 45. Section 2. No person having charge of any taxicab shall allow the same to remain standing on any public way within the city to solicit passengers or for any other purpose except in one or more places hereinafter designated as taxicab stands and then only upon being licensed so to do by license duly issued by the Transportation Board of the city council. Section 3. The following places in public ways within the city are hereby designated as taxicab stands, each for the number of cars specified and of a length equal to the number of lineal feet along the side of the curbstone specified and of a width sufficient for one car to stand therein when its wheels are within eighteen (18) inches of the curbstone. . . . (o) On the north side of Bridge Street, beginning thirty (30) feet westerly from Broadway curb, and extending westerly thirty (30) feet and to be used by two taxicabs. . . . Section 4. No person having charge of any vehicle shall allow the same to remain standing within the limits of any taxicab stand except a taxicab and then only at the stand which it is licensed to occupy. Section 5. The Transportation Board of the city council may grant and issue licenses and permits to one or more owners of taxicabs to occupy one or more taxicab stands, such licenses shall be indeterminate and shall be subject to termination at any time by the Transportation Board. Section 6. Applications for such licenses shall be

made to said board on forms furnished by it, and shall set forth, under oath such information as said board may require. Section 7. Notwithstanding anything contained in these rules and orders, the vehicles of the Fire and Police Departments, the Sealer of Weights and Measures and his deputies, and emergency vehicles of the Water Department and Public Service Corporations operating within the city may stand in such reserved places from time to time and for such length of time as may be necessary in the performance of the public service in which they are then engaged. Section 8. Any person having charge of any motor vehicle who shall allow the same to remain standing on any taxicab stand except as licensed or permitted under the provisions hereof shall be punished by a fine of not more than twenty ($20.00) dollars for each offense." The order of the board of aldermen was approved by the mayor on October 18, 1926, and published in a newspaper published in Springfield on October 31, 1926. Its provisions were in effect on December 25, 1926.

"Bridge Street in the city of Springfield is a public highway, the abutting owners owning the fee thereof subject to the easement of travel by the public. The owner of land abutting on that part of Bridge Street described in the order . . . [as (o)] . . . has not expressly consented to the establishment of a stand for two taxicabs thereon. Such abutting owner has not been asked to consent and has made no objections to the establishment of such a taxicab stand on that portion of Bridge Street hereinabove described. . . . On December 25, 1926, the defendant was in charge of a motor vehicle and allowed . . . [it] to remain standing within the limits of . . . taxicab stand (o) for about an hour . . . [it] was not a taxicab and was not then licensed or permitted to occupy said stand under the provisions of . . . [the] order. . . . [The] taxicab stand was plainly posted by two signs reading, 'Lic. 15 Taxicab stand — No Parking.'"

The defendant made the following motion: "And now comes the defendant in the above entitled cause and upon all the evidence in the case, moves the court to find the defendant 'Not guilty' for the following reasons:

"1. The order passed by the board of aldermen of the city

of Springfield, October 18, 1926, purporting to be for the regulation of certain vehicles used in the city of Springfield is not a regulation of traffic upon a public street but is a grant of an exclusive privilege in a portion of a public street for the benefit of a private business and that such order is unconstitutional and void.

"2. That the order of the board of aldermen passed October 18, 1926, purporting to be for regulation of certain vehicles used in the city of Springfield is unconstitutional and void because there is no warrant in law for its enactment and approval.

"3. That the order of the board of aldermen passed October 18, 1926, is unconstitutional and discriminatory and grants an exclusive privilege in a specified portion of a public street for the sole use and benefit of a person carrying on a private business.

"4. That the order passed by the board of aldermen in the city of Springfield, October 18, 1926, cannot be construed to be a reasonable regulation of traffic in a public street."

This motion was denied and the defendant duly excepted. The defendant was found guilty. "Being of the opinion that the question of the validity of said order of the board of aldermen is so important and doubtful as to require the decision of the Supreme Judicial Court, at the request of the defendant . . . [the judge reported] the case to present the question of law of the validity of said order, it being agreed that if the order of the board of aldermen under which the complaint is brought is valid, the finding of guilty is to stand, otherwise a finding of not guilty to be entered."

The briefs for the defendant and Commonwealth are in accord in referring the origin of G. L. c. 40, § 22 to St. 1847, c. 224, §§ 1, 2, St. 1850, c. 275, Gen. Sts. c. 19, § 14, Pub. Sts. c. 28, § 25, St. 1885, c. 197, R. L. c. 25, § 24, St. 1920, c. 591, § 9. These statutes were confined to consolidation and rearrangement, to the rejection of superfluous words and condensation into concise form, and to the addition of the words "however propelled" in R. L. c. 25, § 24; and there was no purpose to change the meaning of statutes when

changes in diction were made. Commissioner's Report on Revision of General Statutes (1858), pages 7, 8.

G. L. c. 40, § 22 reads: "Except as otherwise provided in section eighteen of chapter ninety, a city or town may make ordinances or by-laws, or the board of aldermen or the selectmen may make rules and orders, for the regulation of carriages and vehicles used therein, with penalties for the violation thereof not exceeding twenty dollars for each offence; and may annually receive one dollar for each license granted to a person to use any such carriage or vehicle therein. Such rules and orders shall not take effect until they have been published at least once in a newspaper published in the city, town or county." The cases which have interpreted these statutes and are collected in the briefs are *Commonwealth* v. *Stodder*, 2 Cush. 562, *Commonwealth* v. *Duane*, 98 Mass. 1, *Commonwealth* v. *Gage*, 114 Mass. 328 *Commonwealth* v. *Matthews*, 122 Mass. 60, *Commonwealth* v. *Fenton*, 139 Mass. 195, *Commonwealth* v. *Page*, 155 Mass. 227, *Commonwealth* v. *Crowninshield*, 187 Mass. 221, *Commonwealth* v. *Boyd*, 188 Mass. 79, *Commonwealth* v. *Sherman*, 191 Mass. 439, *Commonwealth* v. *Beck*, 194 Mass. 14, *Commonwealth* v. *Tyler*, 199 Mass. 490, *Commonwealth* v. *Kingsbury*, 199 Mass. 542, *Commonwealth* v. *Allen*, 203 Mass. 529, *Commonwealth* v. *Newhall*, 205 Mass. 344, *Commonwealth* v. *Theberge*, 231 Mass. 386. These cases decide that the statutes referred to authorize cities and towns to regulate the use of public streets and highways by "all . . . vehicles whatsoever." They authorize rules and regulations which shall prescribe the routes, the stands, and the movements which shall be used and observed by vehicles for hire carrying persons or things; rules which shall provide that no person having charge of a vehicle shall stand with such vehicle to solicit passengers in any street other than the place assigned to the vehicle; rules that prescribe the rates of fare for the carriage of persons and things, that no driver of a vehicle for hire shall receive more than a specified fare for a given distance, that no vehicle shall stop in a public street or highway for longer than a specified time, that all vehicles for hire and

the driver of such vehicles shall be licensed, and that motor driven vehicles shall be registered and the fee paid.

The rule in the case at bar which required taxicabs, and vehicles used for the carriage of persons and things for hire, to make use of taxicab stands, tends to the control of public traffic, protects persons from annoying solicitation, prevents confusion, disorder and danger in the streets, and is a reasonable regulation. *Commonwealth* v. *Stodder, supra. Commonwealth* v. *Matthews, supra. Commonwealth* v. *Flax,* 259 Mass. 117. The regulation establishing public stands being a reasonable and necessary one in the administration of public safety, it is obvious that a further by-law or ordinance was required to make the observance of the regulation reasonably possible through the exclusion of all other vehicles from the reserved space. No right of any citizen is impaired by an ordinance which prohibits the parking of vehicles at a place in a public street or highway where such person has no legal title to the land occupied by the street or highway and has no interest in such greater than an easement of travel which is held in common with all citizens.

*Finding of guilty to stand.*