GEORGE S. CHAPMAN *vs*. CITY OF PORTLAND.

· Cumberland.     Opinion June 8, 1932.

*Richard B. Wilkes,* for plaintiff.
*H. C. Wilbur,*
*Leon V. Walker,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.    In this Bill in Equity, the complainant attacks the constitutionality of Section 1 of ARTICLE 7 of an ordinance of the City of Portland which governs taxicab or public vehicle stands. A general demurrer having been filed, with the consent of the parties, the case is reported to the Law Court.

Supplementing its ordinance relating to Hackney Carriages and Vehicles for Conveyance of Passengers, which regulates the operation of public vehicles used for the conveyance of persons for hire and requires the drivers thereof to be licensed, the City of Portland, in its ordinance relating to Street Traffic as now amended, includes the following provision:

## ARTICLE 7

Section 1. * * * No taxicab or public vehicle shall stand on Congress Street, between State and Myrtle Street, except that with the consent of the abutting owner there may be stands for one car only in front of the Congress Square Hotel, in front of the Fidelity Building, in front of the Guppy's Drug Store, in front of the Chapman Building, east of the marquee over the entrance to the Arcade. Additional taxicab stands may be established on Congress Street between the above named streets by the City Manager and the Committee on Public Safety, but no stand shall be granted for any space when the distance from the curb to the nearest car rail is less than sixteen feet. Any person, firm or corporation seeking the privilege of using any stand, including those expressly enumerated above, shall make application in writing to the Chief of Police and such application must be approved by the City Manager and the Committee on Public Safety.

The plaintiff alleges that, having been duly licensed by the City of Portland to operate taxicabs, by the enactment of ARTICLE 7, which is set out in full in the pleading, he is prohibited from parking, and we infer he means standing, his taxicabs in front of the

places enumerated, where the establishment of stands is conditioned upon the consent of the abutting owners. He does not allege that any taxicab or public vehicle stands have been established in these places or that he has applied for and been denied, or some other taxicab operator or owner granted, the privilege of using such a stand if and when established. This proceeding is brought in anticipation of the enforcement of the regulation, not as a result of it. In this situation, even if the provision of the ordinance complained of is unconstitutional and void, the plaintiff is not entitled to relief by injunction unless he shows that, by the enforcement of it, he will suffer an irreparable injury to his property or property rights and has no adequate remedy at law therefor, or a multiplicity of suits will result. Pomeroy's Equity Jurisprudence, Vol. 5, Sec. 254; 14 Ruling Case Law, 439, 440; 118 American State Reports, 372, 42 So., 784.

The ordinance was duly enacted under the general authority conferred by the Legislature upon all towns and cities of the State to make and enforce by suitable penalties by-laws and ordinances not inconsistent with law for the regulation of all vehicles used therein (including public vehicles) "by establishing the rates of fare, routes and places of standing and in any other respect." R. S., Chap. 5, Sec. 136, Par. IX.

The validity of this general delegation of police power and the exercise of it by the municipality, within proper limits, is not and can not be questioned. The citizen has a constitutional and common law right to travel and transport his property by motor vehicles over the public highways, including the streets of a city, and, subject to statutory or municipal regulations, has the right to make a reasonable use of such vehicles in the business of carrying passengers or freight for hire. This right to conduct a private business on the public highway, however, is not inherent or vested, but is in the nature of a special privilege which the State, or municipality under its delegated power, may either condition, restrain, extend or prohibit. *Buck* v. *Kuykendall*, 267 U. S., 307 ; *Packard* v. *Banton*, 264 U. S., 140; *State* v. *Barbelais*, 101 Me., 512, 64 A., 881; *Burgess* v. *Brockton*, 235 Mass., 95, 126 N. E., 456. The City of Portland undoubtedly, in the exercise of its delegated police

power, is authorized to limit the number of public vehicle stands upon its streets and fix their location, or even to prohibit them altogether, to the end that, without undue impairment of the public hackney service, traffic congestion may be prevented and the safety and convenience of public travel promoted.

The plaintiff finds in ARTICLE 7, as he reads it, a delegation of authority to certain abutting owners to designate who, among those licensed as public vehicle operators, may occupy the public street in front of their premises as stands for their cars, with the power to exclude others of like qualifications from a similar use. If the regulation effects this result, it would seem, to that extent at least, to be of doubtful validity. *Cincinnati* v. *Cook*, 107 Ohio State, 223, 140 N. E., 655. We are not of opinion, however, that this construction of the ordinance is warranted.

Primarily, ARTICLE 7 prohibits all taxicabs or public vehicles from standing on Congress Street between the designated intersections. The only modifications of the general and absolute prohibition are that (1) with the consent of the abutting owners, there may be stands for one car in front of four designated properties, and (2) additional stands may be established by the City Manager and Committee on Public Safety. No stands shall be granted where the car rail is less than sixteen feet from the curb. And any one seeking to use any of the stands, "including those expressly enumerated," must make written application to the Chief of Police and obtain the requisite approval.

Reading the several provisions of this regulation as one, we are not convinced that the abutting owners enumerated are given any power to grant or refuse the use of vehicle stands, if and when established, in the street in front of their premises. Their consent is necessary only for the establishment of stands. If they give it, by force of the ordinance itself, the stands are established. If they withhold it, under the general prohibition, stands are barred. Under the ordinance, this is the extent of their authority. Their rights outside the ordinance, to control the use of public streets in front of their premises, is not here in issue.

Carefully analyzed, the power here delegated to abutting owners is only to modify the general prohibition of the ordinance and re-

move restrictions which otherwise remain absolute. The plaintiff may be benefited by the modification. He can not be deprived by it of any constitutional or property right. Failing to show that he is or can be injured by the operation of the regulation, he has no reason or right to be heard in an attack upon its constitutionality. *Cusack Co.* v. *Chicago*, 242 U. S., 526; *Coal Co.* v. *Pennsylvania*, 232 U. S., 531.

The plaintiff is in no stronger position in respect to his complaint because those seeking to use stands established on Congress Street in the area restricted by ARTICLE 7 must apply to the Chief of Police in writing and have the application approved by the City Manager and Committee on Public Safety. The right of application for the privilege of using established stands in the restricted area is open to all. It is not to be presumed that the officers or the Committee will exceed their lawful authority or, in its exercise, arbitrarily discriminate between applicants. Unless good and sufficient reasons for disapproval exist, we have no reason to doubt that all entitled to use established stands will obtain just and equal action upon their applications. The presumptions of law so point.

Nor does this requirement constitute an unlawful delegation of authority. What a municipality may forbid altogether, it may forbid conditionally unless its written permission is obtained. The issuance of a permit therefor may be delegated to a city officer or a less numerous body than the one which enacts the prohibition. *Com.* v. *Parks*, 155 Mass., 531; 30 N. E., 174; *Com.* v. *Ellis*, 158 Mass., 555; 33 N. E., 651; *Com.* v. *Davis*, 162 Mass., 510; 39 N. E., 113; *Davis* v. *Massachusetts*, 167 U. S., 43; *Packard* v. *Banton*, supra.

The plaintiff having failed to show in his pleadings either that the provisions of the ordinance of which he complains are void, or that he will be injured by its enforcement his bill is without equity. The certificate must, therefore, be, *Demurrer sustained.*

Mr. Justice Farrington took no part in the decision of this case.