# SUPPLEMENT

Opinion of the Justices to the Senate.

*Constitutional Law*, Initiative. *Words,* "City," "Town."

Legislation applicable to cities but not to towns cannot be the subject of an initiative petition under art. 48 of the Amendments to the Constitution.

On April 22, 1936, the Senate adopted the following order:

Whereas, There purports to be pending before the General Court, under the provisions of article XLVIII of the Amendments to the Constitution of the Commonwealth relative to the Initiative, a certain matter, which has been referred to its Committee on Transportation, purporting to be a proposed law introduced into the General Court by an initiative petition, printed in House Document No. 304 of the current year, entitled "An Act with Relation to Public Stands for the use of Taxicabs and Motor Vehicles for Hire in Cities", a copy whereof is herewith submitted; and

Whereas, By section twenty-two of chapter forty of the General Laws all cities and towns within the Commonwealth, except the city of Boston, are at present authorized to do what the proposed measure purports to authorize; and

Whereas, By chapter three hundred and ninety-two of the acts of nineteen hundred and thirty the power of making rules and orders for the regulation of hackney carriages and hackney stands within the city of Boston was placed exclusively with the police commissioner of the city of Boston; and

Whereas, Grave doubt exists as to whether or not the matter contained in said document is properly pending before the General Court under the initiative provisions of said article XLVIII; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the Senate on the following important questions of law: —

1. Is the matter set forth in the above-entitled document a measure which, under the initiative provisions of Article XLVIII of the Amendments to the Constitution of the Commonwealth, may be proposed by an initiative petition?

2. Is the matter set forth in the above-entitled document a measure the operation of which is restricted to a particular town, city or other political division or to particular districts or localities of the Commonwealth within the meaning of section two, under the heading "THE INITIATIVE. II. *Initiative Petitions.*", of said Article XLVIII?

The order was transmitted to the Justices on April 24, 1936, and on May 12, 1936, they returned the following answers:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions in an order adopted on the twenty-second day of April, 1936. Copy of the order is hereto annexed.

The questions relate to a matter purporting to be a proposed law introduced into the General Court by an initiative petition. The essential inquiry is whether that proposed law falls within the initiative provisions of the Constitution. The petition describes the proposed measure by title as "An Act with Relation to Public Stands for the Use of Taxicabs and Motor Vehicles for Hire in Cities." The title refers to cities alone. The proposed measure in its body is strictly confined in its operation to cities. Every reference in it to locality or place within which it may be or become operative is confined to a city or cities. Its words do not embrace the territory of towns. Its language is unmistakable to that effect. The distinction between cities and towns is sharply drawn in the Constitution and laws of this Commonwealth. Power was not conferred upon the General Court to erect or constitute city governments until the adoption of the Second

Amendment to the Constitution in eighteen hundred and twenty-one. That power is limited in several respects: it cannot be exercised as to any town not containing twelve thousand inhabitants, and it cannot be exercised except on the application of a majority of such inhabitants present and voting at a meeting held for that purpose. *Attorney General* v. *Methuen*, 236 Mass. 564, 571–572. The town system of government is recognized and preserved by the Constitution. *Commonwealth* v. *Plaisted*, 148 Mass. 375, 384–386. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 50. The word "city" in laws cannot be construed to include town, although the word "town" may sometimes have a comprehensive signification and include city. G. L. (Ter. Ed.) c. 4, § 7, Thirty-fourth. *Lexington* v. *Bean*, 272 Mass. 547, 550. A large part of the area of the Commonwealth clearly must remain in towns.

The description of matters which may be made the subject of an initiative petition by express terms excludes measures "the operation of which is restricted to a particular town, city or other political subdivision or to particular districts or localities of the commonwealth." Art. 48 of the Amendments to the Constitution, "The Initiative. II. *Initiative Petitions*," "Section 2. *Excluded Matters*." The operation of the proposed measure is restricted to the particular localities of the Commonwealth in which city governments have been constituted. The operation of the proposed measure by its geographical specification is limited to that part of the territory of the Commonwealth organized as cities. That part of the territory of the Commonwealth comprised in towns is unequivocally omitted from the operation of the proposed measure. Thus the words of the proposed measure stamp it plainly as a matter excluded from the scope of the initiative. *Mount Washington* v. *Cook*, 288 Mass. 67, 74. *Christian* v. *Secretary of the Commonwealth*, 283 Mass. 98. *Opinion of the Justices*, 261 Mass. 523, 553, 554. It follows that the proposed measure shows on its face that it is excluded from the operation of the initiative.

The second question is answered "Yes."

The first question is whether "the matter set forth" in

the designated measure may be proposed by an initiative petition. The only matter so set forth makes it mandatory upon "the licensing authorities for licensing taxicabs and motor vehicles for hire" in "any city which accepts the provision of this act" to "establish, for the use of taxicabs and motor vehicles for hire licensed within such city, public stands on any and all public highways within such city." No other matter appears to be pending before the Honorable Senate. It is manifest, for the reasons already stated, that this matter is not within the purview of the initiative provision of art. 48 of the Amendments. The provisions of the proposed measure have no application to the towns of the Commonwealth.

The first question is answered "No."

It is not necessary to consider whether for other reasons the matter set forth in the designated measure is excluded from the operation of an initiative petition.

> ARTHUR P. RUGG.
> JOHN C. CROSBY.
> EDWARD P. PIERCE.
> FRED T. FIELD.
> CHARLES H. DONAHUE.
> HENRY T. LUMMUS.
> STANLEY E. QUA.