## OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Initiative. *Way*, Public: taxicab stands, easement of public travel, rights of owner of fee.

A law, effective uniformly throughout the Commonwealth, requiring licensing officers of every municipality accepting the law to establish public stands for licensed taxicabs in public ways and to abolish all private stands in such ways, might be proposed by an initiative petition under art. 48 of the Amendments to the Constitution, although it might effect a change of the law for the city of Boston only.

A general law, effective in particular subdivisions of the Commonwealth only by local acceptance, may be proposed by initiative petition.

A proposed law directed to the abolition of private taxicab stands on public ways and the establishment of public stands thereon would be a regulation of the use of the ways under the highway easement already acquired and not a taking of the property of abutting owners under the power of eminent domain.

It would not be constitutionally competent for the General Court to enact legislation authorizing the appropriation to the private use of persons, other than the abutting owners in fee, without the consent of such owners, of land as to which only an easement for highway purposes has been taken by the public with a reservation of the fee in said land to the abutting owners.

On April 5, 1938, the Senate adopted the following order:

WHEREAS, There purports to be pending before the General Court under the provisions of Article XLVIII of the Amendments to the Constitution of the Commonwealth, relative to The Initiative, a certain matter, which has been referred to its committee on Transportation, purporting to be a proposed law introduced into the General Court by an Initiative Petition, printed in House Document No. 376 of the current year, entitled "An Act with relation to public stands for the use of taxicabs and motor vehicles for hire in cities and towns", a copy whereof is herewith submitted; and

WHEREAS, By section twenty-two of chapter forty of the General Laws all cities and towns within the Commonwealth, except the city of Boston, are at present authorized, by ordinances or by-laws, or by rules and orders, to regulate carriages and vehicles used therein; and

WHEREAS, By chapter three hundred and ninety-two

of the acts of nineteen hundred and thirty the power of making rules and orders for the regulation of hackney carriages and hackney stands within the city of Boston was placed exclusively with the police commissioner of the city of Boston; and

WHEREAS, The proposed measure purports to apply only to such cities and towns as may subsequently vote to accept its provisions; and

WHEREAS, Abutting property owners have some special property rights in public ways upon which such owners' property abuts; and

WHEREAS, The mandatory provisions of the proposed measure might result in an unreasonable interference with abutting property owners' rights and therefore be inconsistent with the constitutional right to receive reasonable compensation for property appropriated to public uses; and

WHEREAS, The provisions of the proposed measure purport to appropriate to the private use of persons, other than the owners in fee, land as to which only an easement for highway purposes has been taken by the public, with a reservation of the fee in said land to the abutting owners; and

WHEREAS, Grave doubt exists as to whether or not the matter contained in said document is properly pending before the General Court under the initiative provisions of said Article XLVIII; therefore be it

ORDERED, That the opinions of the Honorable Justices of the Supreme Judicial Court be required by the Senate on the following important questions of law: —

1. Is the matter set forth in the above entitled document, since it is not to become effective in any city or town within the Commonwealth except by a subsequent vote of the city or town, a measure which, under the initiative provisions of Article XLVIII of the Amendments to the Constitution of the Commonwealth, may be proposed by an Initiative Petition?

2. Is the matter set forth in the above entitled document, since it is to become effective in only such cities and towns

as, by a subsequent vote, accept its provisions, a measure the operation of which is restricted to a particular town, city or other political subdivision or to particular districts or localities of the Commonwealth, within the meaning of Section 2 under the heading "THE INITIATIVE. *II. Initiative Petitions.*" of said Article XLVIII?

3. Does the measure proposed by the above entitled document deal with a proposition which is inconsistent with the right to receive compensation for private property appropriated to public use, within the meaning of Section 2 under the heading "THE INITIATIVE. *II. Initiative Petitions.*" of said Article XLVIII?

4. Is it competent for the General Court to enact legislation authorizing the appropriation to the private use of persons, other than the abutting owners in fee, and without the consent of such owners, of land as to which only an easement for highway purposes has been taken by the public, with a reservation of the fee in said land to the abutting owners?

5. Is the matter set forth in the above entitled document, since it will affect a change of the law for the city of Boston only, a measure which is restricted to a particular city within the meaning of Section 2 under the heading, "THE INITIATIVE. *II. Initiative Petitions.*" of said Article XLVIII?

The proposed act read as follows:

"In any city which accepts the provisions of this act by vote of its city council, or in any town which accepts the provisions of this act by a majority vote of the qualified voters present and voting at an annual town meeting, the licensing authorities for licensing taxicabs and motor vehicles for hire shall establish, for the use of taxicabs and motor vehicles for hire licensed within such city or town, public taxicab stands on any public highway within such city or town, and shall abolish all other taxicab stands on any public highway within such city or town.

Such public taxicab stands shall be free and accessible to all taxicabs and motor vehicles for hire whose owners are licensed by said licensing authorities."

On April 8, 1938, the order was transmitted to the Justices, who, on April 20, 1938, returned the following answers:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions in an order adopted on April 5, 1938, copy whereof is hereto annexed.

The questions concern a law proposed for adoption by an initiative petition under "The Initiative. II. Initiative Petitions." of art. 48 of the Amendments to the Constitution. The proposed measure relates to public stands for the use of taxicabs and motor vehicles for hire in cities and towns; it is to take effect only in such cities and towns as shall accept the provisions of the act. It is recited in the order that, at present, the provisions of law touching the subject of the proposed measure differ in Boston from those prevailing in other cities and towns. The proposed measure, if adopted, will be uniform in its operation in all cities and towns throughout the Commonwealth. It may be accepted by any city or town. It is not unequal in its application because the licensing authority may be composed of different officers in different cities and towns, nor because its adoption might change the law more in some cities or towns than in others. The result would be an unvarying law for all parts of the Commonwealth giving power to each city and town to do the same thing. This is a measure which may be proposed under the initiative provisions of art. 48 of the Amendments to the Constitution, and which is not restricted to a particular city even though, as stated in the order, it may effect a change of the law for the city of Boston only. *Mount Washington* v. *Cook*, 288 Mass. 67, 73, 74. The proposed measure is quite distinguishable from the one under consideration in *Opinion of the Justices*, 294 Mass. 607.

The proposed measure does not deal with private property. It purports only to regulate the public use of highways within the limits of the public rights. If the measure should be adopted, any private owner whose rights in the fee of the street may be prejudiced by some badly conceived scheme of establishing stands will find those rights unimpaired. The proposed measure, if adopted, would authorize cities and towns to establish parking regulations for taxicabs on public highways. Such regulations must be reasonable and must not encroach on private rights. The rights of those owning land abutting upon highways, and having title to the fee in land subject to the easement of public travel acquired by the laying out of highways, are established and are carefully guarded. *Commonwealth* v. *Morrison*, 197 Mass. 199. *Opinion of the Justices*, 297 Mass. 559. *Burrell* v. *Checker Taxi Co.* 287 Mass. 108, 113.

The right to engage in the business of transporting people and merchandise for hire upon public ways is subject to reasonable control under the police power. The distribution of stands for taxicabs in various parts of a city or town may best serve the public convenience. A regulation of this nature "tends to the control of public traffic, protects persons from annoying solicitation, prevents confusion, disorder and danger in the streets, and is a reasonable regulation." *Commonwealth* v. *Rice*, 261 Mass. 340, 345. *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269. These decisions recognize the propriety of taxicab stands established under reasonable regulation within public ways. It is an implication of this regulation of public travel that such stands must not interfere with the rights of abutters. These uses of a highway are subject to reasonable regulation in the interests of public travel. The stands to be established under the proposed measure must not interfere with the right of access and egress to and from his premises by an abutting owner. Any regulation of traffic must be reasonable. The stands must be so located as not to cause intolerable annoyance and inconvenience to abutting owners. Any unwarrantable interference with the rights of an abutting owner would be invalid. *Opinion of the Justices*,

297 Mass. 559. The proposed measure does not imply that the stands may be established in violation of the rights of abutters. The implications of the proposed measure are that the public authorities will act reasonably with reference to the rights of abutters.

The proposed measure does not authorize the exercise of the right of eminent domain. It is simply a regulation of the easement of public travel already acquired by the laying out of streets and highways. It does not authorize any change in the rights of owners of the fee in the highway. *Pierce* v. *Drew*, 136 Mass. 75. *Centebar* v. *Selectmen of Watertown*, 268 Mass. 121.

Question 1 is answered "Yes." Questions 2, 3 and 5 are answered "No." Question 4 is not predicated upon the terms of the proposed measure. As already stated nothing can be done under that measure except that which is reasonably incident to public travel. No part of a highway can be appropriated to the private uses of persons other than abutting owners. Therefore the question is answered "No."

> ARTHUR P. RUGG.
> FRED T. FIELD.
> CHARLES H. DONAHUE.
> HENRY T. LUMMUS.
> STANLEY E. QUA.
> ARTHUR W. DOLAN.
> LOUIS S. COX.