CENTRAL CAB CO. ET AL. *vs.* CITY OF PORTLAND ET AL.

Cumberland.        Opinion, November 13, 1940.

*Arthur D. Welch*, for plaintiffs.
*W. Mayo Payson*, Corporation Counsel,
*Ralph M. Ingalls*, for defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

MURCHIE, J.    This case was reported to the court for determination on the pleadings and an agreed statement of facts. It originated

in a bill in equity filed by two corporations organized to engage in the business of operating taxicabs and actually so engaged in the defendant city. The bill names as parties defendant, in addition to the City of Portland, its city manager, the several members of its city council, its chief of police, and a competitor in the taxicab business, Town Taxi Co.

The prayers of the bill are that an ordinance of the defendant city for the regulation of taxicabs and public vehicles, adopted May 1, 1939, and certain orders of said council passed pursuant thereto on June 19, 1939, which assigned fourteen (14) taxicab stands to the use of five (5) taxicab owners or operators, including one of the plaintiffs and the corporate defendant, be declared void; that said corporate defendant, Town Taxi Co., be enjoined from the exclusive use of the stands assigned to it under the terms of said orders; and that the other defendants be enjoined against the enforcement of said ordinance and orders.

Treated collectively said orders authorized the plaintiff Central Cab Co. to occupy two (2) stands exclusively and to alternate with the defendant Town Taxi Co. in two (2) additional ones; assigned seven (7) stands for the exclusive occupation of the defendant Town Taxi Co. and authorized it to alternate with said plaintiff in the two (2) additional ones aforesaid; and assigned the remaining three (3), one (1) each, to three persons who are not parties to the cause. No stands were assigned to the plaintiff Yellow Taxi Co. The stands assigned exclusively to the plaintiff Central Cab Co. are at two (2) hotels. Those designated for the exclusive use of the defendant Town Taxi Co. include four (4) at three (3) hotels. The two (2) stands in which these operators are directed to alternate are at a sixth hotel.

The agreed statement of facts recites that plaintiffs Central Cab Co. and Yellow Cab Co. have five (5) and three (3) cabs respectively available for service in the defendant city; that the defendant Town Taxi Co. has sixteen (16) such cabs; that hotels are important points of origin for taxicab business along with bus terminals, railroad stations and steamboat wharves; and that Congress Street from State Street to Myrtle Street is the principal retail commercial district in the defendant city. Neither the agreed statement nor the orders of the city council which are in question and which are set forth in full in the record disclose which, if any, of the stands

are within the principal retail commercial district aforesaid.

It should be noted at the outset that an ordinance of substantially identical import, enacted by the same authority for the regulation of the same municipal problem, has heretofore been before this court (*Chapman* v. *City of Portland*, 131 Me., 242, 160 A., 913, 914) and been upheld as a proper exercise of the police power conferred by the legislature upon all cities and towns of the state under the terms of R. S. 1930, Chap. 5, Sec. 136, Par. IX, to make and enforce by suitable penalties ordinances for the regulation of vehicles in the public streets. The present ordinance, it is true, goes somewhat beyond that which was before the court in the earlier case in that it prohibits taxicabs and public vehicles from standing on one-way streets or on streets where limited parking regulations are in effect, but these additional limitations are altogether insufficient to constitute an abuse of the police power which the decision therein recognized as vested in the municipalities of the state by the statute noted.

In the *Chapman Case*, supra, as in the instant one complaint was made that the ordinance delegated to abutting property owners the authority to designate who, among licensed public vehicle operators, should have the right to occupy the public street in front of their premises. That case was reported to the court after demurrer for determination of all questions of law raised in plaintiff's bill. This case comes to the court under an agreed statement of facts in which the plaintiffs subscribe to a recital that the "City Council has refused to accept any consent (to the establishment of a taxicab stand) from an abutting owner which was conditioned upon the occupancy of the taxi stand consented to by a taxicab company specified in such consent." The present case, on this point certainly, is altogether stronger for the defense. There the court relied on the rule that there could be no presumption that public officers would exceed their authority or be arbitrary in the exercise of it. Here the plaintiffs themselves subscribe to the fact that this particular abuse has not been committed.

In the *Chapman Case*, supra, the court declared that even if the provision of the ordinance complained of was unconstitutional and void, the plaintiff would not be entitled to relief by injunction unless he showed that, by the enforcement of it, he would suffer "an irreparable injury to his property or property rights" and had no ade-

quate remedy at law therefor or that a multiplicity of suits would result. The present bill contains numerous and varied allegations, including those of unreasonableness, of inequality and of discrimination as to the action and purpose of the defendant City and its council in the enactment and administration of the ordinance in question; of unfair, unjust, and monopolistic control conferred or intended to be conferred upon the defendant Town Taxi Co. thereby; of irreparable injury to the plaintiffs and their property; and of the danger of a multiplicity of suits; but not only is there no evidence of these facts which if existent to the extent alleged might lay the foundation for equitable relief, but the agreed facts furnish no basis for a finding that any of these allegations have been proved. On the record, the plaintiffs must be found to be asking the relief sought on the simple mathematical basis that said plaintiffs, jointly, having eight (8) cabs available for service, have been assigned four (4) taxicab stands at three (3) hotels with exclusive stand privileges at two (2), whereas the corporate defendant Town Taxi Co., with sixteen (16) cabs so available, has been assigned among nine (9) taxicab stands, six (6) stands at five (5) hotels giving exclusive stand privileges at three (3). This numerical difference cannot be held to lay proper foundation for equitable relief and the judgment must be

*Bill dismissed.*