190 P.2d 681

### YELLOW CAB TAXI SERVICE v. CITY OF TWIN FALLS.

### No. 7393.

Supreme Court of Idaho.

Feb. 24, 1948.

---

J. H. Blandford, of Twin Falls, for respondent.

W. L. Dunn, of Twin Falls, for appellant.

**HYATT, Justice.**

Appellant filed suit against respondent, a City of the second class, to obtain a judgment enjoining it "from in any manner molesting or interfering with" his use of a certain taxicab stand located on Main Street of said City, and quieting his right "to the use of said space." His complaint alleges that he is and has been for 16 years last past operating a taxicab service in said City of Twin Falls, and has occupied and used said taxicab stand during said period in caring for and meeting the demands of the public for taxicab service; that for the use thereof, for a 12 months period ending January 2nd, 1948, he paid the City $240.00, in return for which it issued him a receipt designated as a taxicab parking license; that the City also issued him licenses to operate five cabs for the year 1947; that respondent has caused its Chief of Police to advise him that the City "is going to move his cabs" from said stand and off Main Street "without offering any reason or any claim of violation by plaintiff of his privileges under said licenses or his franchise to operate taxicabs in said municipality," and without first being given a hearing; that he has a large investment in his taxi business, and in addition to being deprived of the sums paid for the license, his investment would be greatly impaired, and he would suffer irreparable damage.

A general demurrer to the complaint was sustained, judgment of dismissal entered without leave to amend, and a temporary restraining order issued upon filing of the complaint, dissolved.

Appellant assigns as error: (1) the sustaining of the general demurrer; (2) the sustaining of the demurrer without leave to amend; (3) the dismissal of the action; and (4) the dissolution of the temporary restraining order.

In considering whether or not the complaint states a cause of action, it is necessary to first determine whether appellant's long continued use of his particular taxicab stand in a public street entitles him to injunctive relief restraining respondent from in any manner interfering with his occupancy thereof, and to a decree quieting in him his right to the use of the space.

It is an elemental and well established rule in this State that the streets from side to side and end to end belong to the public, and are held by the municipality in trust for the use of the public. Keyser v. City of Boise, 30 Idaho 440, 165 P. 1121, L.R.A.1917F, 1004.

The City, however, has the supervision and control of the public highways and streets within its limits. Sec. 49-1141, I.C.A. as amended by Chap. 6, 1935 Laws, 2d Ex.Sess.; Foster's Inc. v. Boise City, 63 Idaho 201, 118 P.2d 721.

No one has any vested or natural right to use the streets for or in the prose-

cution of a business for private gain. Greene v. City of San Antonio, Tex.Civ. App., 178 S.W. 6; People v. Galena, 24 Cal. App.Supp.2d 770, 70 P.2d 724; Ex parte Graham, 93 Cal.App. 88, 269 P. 183; Hadfield v. Lundin, 98 Wash. 657, 168 P. 516, L.R.A.1918B, 909, Ann.Cas.1918C, 942; Chapman v. City of Portland, 131 Me. 242, 160 A. 913; Jarrell v. Orlando Transit Co., 123 Fla. 776, 167 So. 664; Gill v. Dallas, Tex.Civ.App., 209 S.W. 209; McQuillin on Municipal Corporations, Vol. 4, Sec. 1461, p. 188.

In Packard v. O'Neil, 45 Idaho 427, 438, 262 P. 881, 885, 56 A.L.R. 317, this court said: "The right to use the public ways of the state, and the control of that use, being public in its nature, is a special subject for regulation under the police power of the state."

And again in Foster's, Inc. v. Boise City, 63 Idaho 201, at pages 210 and 211, 118 P. 2d 721, at page 725:

"When a street is acquired, either by dedication or condemnation, and opened for traffic, the municipality has the power and authority to police the same and regulate the traffic thereon. Sec. 49-1141, I.C.A.

" 'It will be seen from the foregoing that the power of cities and villages in this state over the streets is exclusive and unlimited.' * * *

"The police power is a necessary concomitant to complete sovereignty and inheres primarily in the state. The exercise of that power, within the corporate limits of cities and villages, has been delegated to the respective municipalities. The full exercise of that power is one of the governmental duties of the respective municipalities as arms of the state, in preserving the health, safety and general welfare of the people."

■ Respondent cannot be estopped by appellant's long permissive use of the street from asserting its control over the same.

■ As a general rule, estoppel will not be applied to prevent a municipality from exercising its police power. See 38 Am.Jur. page 375. It has also been said that since the police power of a municipal corporation is a continuing one, a permit does not exempt an applicant from the operation of subsequent ordinances and regulations legally enacted in the exercise of its police powers. 38 Am. Jur. page 65. Also, a municipality cannot authorize any use of its streets by a private person inconsistent with the future legitimate uses of the street by the municipality, and no right to use the street for private purposes can be acquired by prescription as against the municipality. McQuillin on Mun. Corp., 2d Ed. Rev., Vol. 4, Sec. 1423, page 97.

■ We therefore conclude that appellant does not and cannot state a cause of action, based upon the theory of a previous use of the parking space, entitling him to have his rights to the use of the street quieted in him, and such right protected by injunction.

The remaining question is whether respondent, after issuing appellant a license or permit to use the stand for a 12 months period, may, during that period, remove him from the location without any reason and without a hearing.

Respondent relies upon Keyser v. City of Boise, 30 Idaho 440, 165 P. 1121, L.R.A. 1917F, 1004, for the proposition that a City may revoke a permit to occupy the streets whenever it deems such revocation necessary. In that case, the City of Boise by resolution gave the plaintiff permission to install a gasoline pump apparently on the curb of the street and within space occupied by the sidewalk, which was a part of the street over which the City had control. After installation of the pump the City revoked the permission theretofore given and ordered the pump removed. The court held that the City was without authority from the Legislature to grant a private person a permit to erect or maintain a permanent obstruction in a public street for a purely private purpose; that anyone obtaining a permit from the City for such use takes the same with notice that it is subject to revocation at the will of the City, and that if a person making such private use goes to expense, he does so at his own risk.

■ Since the basis for the decision in the Keyser case was the lack of authority of the City in the first instance to grant the permit, we do not believe it is applicable or controlling here. Respondent in the exercise of its police power over, and its control of, the streets, has the right to regulate the use thereof by all vehicles, commercial and non-commercial (Foster's, Inc. v. Boise City, 63 Idaho 201, 118 P. 2d 721), and this power includes the right to designate and regulate the stands of taxicabs. Commonwealth v. Rice, 261 Mass. 340, 158 N.E. 797, 55 A.L.R. 1128; Morley v. Wilson, 261 Mass. 269, 159 N.E. 41; In re Opinion of the Justices, 300 Mass. 602, 14 N.E. 2d 462; State v. Muolo, 119 Conn. 323, 176 A. 401; Ex parte Graham, 93 Cal.App. 88, 269 P. 183; Wilhoit v. Springfield, 237 Mo. 775, 171 S.W.2d 95; New Orleans v. Calamari, 150 La. 737, 91 So. 172, 22 A.L.R. 106; Chapman v. City of Portland, 131 Me. 242, 160 A. 913; McQuillin on Mun. Corp., 2d Ed. Rev., Vol. 3, Sec. 981, page 222.

It has been said that the designation and use of such stands tends to control the public traffic, protect persons from annoying solicitation, and prevent confusion, disorder and danger in the streets (Commonwealth v. Rice, supra), as well as serving the wants and pleasures of the public. Ex parte Graham, supra.

■ While appellant assumes that his license to operate cabs is inseparable from his license to use the stand, the two in our opinion are not related to nor dependent on each other, but under the allegations of the complaint are two separate matters and we are therefore concerned only with appellant's permit or license to occupy the stand.

■ Appellant had a mere license, that is, a privilege or permit, and not a franchise. Such a license or permit is not property and does not create a contract or vested right. A licensee may at most exercise his rights and privileges only for the term specified. 53 C.J.S., Licenses, § 43.

■ Nothing appears as to whether the license was issued pursuant to an ordinance or other conditions, but only that the City issued the permit in this case for a 12 months period. The City, in the exercise of its police power, can revoke such license if the particular thing permitted is or becomes a public nuisance, or such revocation is necessary and in the interests of the public welfare or public safety, and is not arbitrary, unreasonable, discriminatory, oppressive or capricious, and the conditions existing at the time justify such action. Ex parte Stallcups, 87 Tex.Cr.R. 203, 220 S.W. 547; Gill v. City of Dallas, Tex.Civ.App., 209 S.W. 209, 211; 38 Am.Jur. pages 61, 62 and 64; McQuillin Mun. Corp. 2nd Ed. Rev. Vol. 3, Sec. 981, page 217; McQuillin Mun. Corp. 2nd Ed. Rev. Vol. 4, Sec. 1423, page 98; 53 C.J.S., Licenses, § 44.

This court in Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, at page 106, 286 P. 353, at page 358, has said that where the power to legislate on a given subject is conferred, and the mode of its exercise is not prescribed, then an ordinance passed in pursuance thereof must be a reasonable exercise of the power, or will be pronounced invalid; that in determining the question of the reasonableness or unreasonableness of such an ordinance, all the existing circumstances or contemporaneous conditions, the object sought to be obtained, and the necessity or lack thereof for its adoption, will be considered by the court; that whether or not an ordinance is reasonable is a question of law for the Court.

■ Notice or hearing prior to revocation is not required where the authorities act properly in the exercise of the police power of the state to protect the public health, morals, safety or welfare. See 53 C.J.S. Licenses, § 44; Mahaney v. City of Cisco, Tex.Civ.App., 248 S.W. 420, at pages 422, 423.

One in the position of appellant must show wherein the action of the City is arbitrary, unreasonable, discriminatory, oppressive or capricious. Ex parte Stallcups, 87 Tex.Cr. R. 203, 220 S.W. 547; Suddreth v. City of Charlotte, 223 N.C. 630, 27 S.E. 2d 650; Morley v. Wilson, 261 Mass. 269, 159 N.E. 41; People v. Galena, 24 Cal. App.2d Supp. 770, 70 P.2d 724.

■ On oral argument before this court January 14th, 1948, it was stated by counsel for both parties that respondent had issued appellant another license or permit for the taxicab stand for the year 1948. His 1947 license has expired. It is therefore, unnecessary for us to pass upon the question of whether or not appellant's complaint states a cause of action under the second theory hereinabove discussed. It would serve no useful purpose to remand

this case for amendment of the complaint, or for further proceedings even if we should hold the complaint sufficient. Likewise, it is unnecessary for us to pass upon the dissolution of the restraining order, since appellant has continued to use the space and suffered no injury, and respondent, by granting the 1948 permit has waived any right to a determination of such question.

The judgment of dismissal is therefore affirmed. No costs awarded.

GIVENS, C. J., HOLDEN, and MILLER, JJ., and SUTPHEN, District Judge, concur.