ALONZO E. YONT & others vs. SECRETARY OF THE COMMON-
WEALTH.

Suffolk.    April 14, 1931. — May 2, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Constitutional Law*, Referendum. *Words*, "Departments."

St. 1931, c. 122, entitled "An Act providing a Program for the Accel-
eration of State Highway and Building Construction, in order to
alleviate the Present Unemployment Emergency, and for furnishing
Certain Temporary Financial Relief to Cities and Towns, to be
financed by the Issue of Short Term Notes and from the Proceeds of
an Increase in the Gasoline Tax," is a law appropriating money for
a department of the Commonwealth, and therefore is one of the
*"Excluded Matters"* described in paragraph III, § 2, of art. 48 of
the Amendments to the Constitution of the Commonwealth, and is
not subject to the referendum.

The established and recognized rules of grammatical construction re-
quire that the words "current or ordinary expenses" in said § 2 refer
to and modify the words "of the commonwealth" immediately fol-
lowing, and do not extend to appropriations "for any of its depart-
ments, boards, commissions or institutions."

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on March 30, 1931, for a writ of man-
damus.

Material allegations of the petition are described in the
opinion.  The respondent having answered, admitting the
allegations of fact in the petition but denying that the
petitioner was entitled to relief, the case was reported by
*Crosby*, J., for determination by the full court.

*S. S. von Loesecke*, (*A. E. Yont* with him,) for the peti-
tioners.

*R. Clapp*, Assistant Attorney General, for the respondent.

RUGG, C.J.    There was enacted by the General Court
on March 24, 1931, and approved by the Governor on the
same day, "An Act providing a Program for the Accelera-
tion of State Highway and Building Construction, in order
to alleviate the Present Unemployment Emergency, and

for furnishing Certain Temporary Financial Relief to Cities and Towns, to be financed by the Issue of Short Term Notes and from the Proceeds of an Increase in the Gasoline Tax." St. 1931, c. 122. The act contained an emergency preamble in these words: "Whereas, The deferred operation of this act would tend to defeat its purpose, therefore it is hereby declared to be an emergency law, necessary for the immediate preservation of the public convenience." By virtue of this preamble, the act became effective forthwith. Art. 48 of the Amendments to the Constitution, "THE REFERENDUM. *I. When Statutes shall take Effect.*" "*II. Emergency Measures.*" Art. 67 of the Amendments to the Constitution. *Rosenthal* v. *Liss*, 269 Mass. 373. On March 27, 1931, the petitioners filed with the respondent a petition asking for the repeal of said c. 122 and for a referendum thereon. Art. 48 of the Amendments to the Constitution, "THE REFERENDUM," "*III. Referendum Petitions,*" §§ 1, 4. No question is made as to the form of the petition. The respondent refused to provide blanks for the use of subsequent signers of the petition. This proceeding by mandamus is brought to compel the respondent to provide such blanks.

The single point at issue is whether said c. 122 falls within the matters excluded from the operation of the referendum. The governing words in art. 48 of the Amendments, "THE REFERENDUM," "*III. Referendum Petitions,*" § 2, "*Excluded Matters,*" are these: "No law . . . that appropriates money for the current or ordinary expenses of the commonwealth or for any of its departments, boards, commissions or institutions shall be the subject of a referendum petition."

An amendment to the Constitution is a solemn and important declaration of fundamental principles of government. It is characterized by terse statements of clear significance. Its words were employed in a plain meaning to express general ideas. It was written to be understood by the voters to whom it was submitted for approval. It is to be interpreted in the sense most obvious to the common intelligence. Its phrases are to be read and construed

according to the familiar and approved usage of the language. *Jones* v. *Robbins,* 8 Gray, 329, 340. *Tax Commissioner* v. *Putnam,* 227 Mass. 522, 523, 524. *Attorney General* v. *Methuen,* 236 Mass. 564, 573. *Loring* v. *Young,* 239 Mass. 349, 372. *United States* v. *Sprague,* 282 U. S. 716.

The matters excluded from the referendum by the clause of art. 48 of the Amendments already quoted relate to appropriations made by the General Court. That clause falls into two subdivisions: the first comprehends laws which appropriate money for the current or ordinary expenses of the Commonwealth; the second comprehends laws which appropriate money for any of the departments, boards, commissions or institutions of the Commonwealth. A clear separation thus is made between these two classes of appropriations. The distinction is drawn between appropriations for the current and ordinary expenses of the Commonwealth, on the one hand, and appropriations for the departments and other subsidiary divisions of the undertakings of the Commonwealth, on the other hand. Both art. 48 of the Amendments, relating to the initiative and referendum, and art. 66 of the Amendments, requiring that the executive and administrative work of the Commonwealth be organized into not more than twenty departments, were submitted to the people and ratified and adopted by them on November 5, 1918. Considering them together, it seems clear that the second branch of matters excluded from the referendum by the clause already quoted from art. 48 has relation to the departments, boards and commissions described in art. 66. For several reasons it is not permissible to interpret the word "departments" used in the relevant clause of art. 48 as comprehending the three grand departments of government described in arts. 5 and 30 of the Declaration of Rights. In art. 5, the "authority" derived from the "power residing originally in the people" and vested in "the several magistrates and officers of government" is described as "legislative, executive, or judicial." The word "department" is not used. The word "department" is used in art. 30. It there embraces, as applied respectively to "the legislative department," "the execu-

tive," and "the judicial," all the functions of the government of the Commonwealth. Although the same word in the plural is found in the clause already quoted from art. 48 of the Amendments, it manifestly is there used in a much more restricted sense. To give the word an identical meaning in both art. 30 of the Bill of Rights and art. 48 of the Amendments would wipe out the distinction drawn in the latter article between appropriations for expenses of the Commonwealth and appropriations for expenses of departments, boards, commissions and institutions. That distinction is in art. 48. It cannot be ignored. It must be recognized and enforced. To attribute the same meaning to the word in both articles would also render superfluous and of no signification the remaining descriptive words in the relevant clause of art. 48 of the Amendments, namely: "boards, commissions or institutions." Every part, clause, phrase and word of the Constitution and its amendments must be given meaning commensurate with the importance of the instrument of government in which it occurs.

The established and recognized rules of grammatical construction require that the words "current or ordinary expenses" in the quoted clause of art. 48 refer to and modify the words "of the commonwealth" immediately following, and do not extend to appropriations "for any of its departments, boards, commissions or institutions." The word "for" precedes each division of the quoted clause and marks the difference between the two branches of that clause. Appropriations "for the current or ordinary expenses of the commonwealth" alone are excluded from the operation of the referendum by the quoted clause, while appropriations "for any of its departments, boards, commissions or institutions," whether for current or ordinary expenses, or for exceptional or momentous expenses, are excluded from the operation of the referendum.

The debates of the Constitutional Convention of 1917–1918 demonstrate that the distinction between the two branches of the relevant clause of art. 48 was discussed and clearly stated while that Amendment was being considered. The corresponding clause of the resolution for establishing

the initiative and referendum reported by the committee of the whole of the convention was in these words: "No law, appropriating money for the current or ordinary expenses of the Commonwealth or of any of its departments, boards, commissions or institutions . . . shall be the subject of such referendum petition." Vol. II, Debates of the Constitutional Convention, 677. An amendment was offered striking out the words "of any" and inserting in place thereof the words "for any." The proposed amendment was the subject of discussion. Arguments were put forward in favor of and against its adoption. It was clearly pointed out that the words of the clause in the resolution as reported by the committee would permit a referendum on every appropriation except for current and ordinary expenditures, while the proposed amendment would exclude from the referendum all appropriations for the several departments, boards, commissions and institutions. The exact scope of amendment was sharply brought to the attention of the convention. After full debate the amendment was adopted. Its words thus find their place in the clause already quoted from art. 48 of the Amendments. Vol. II, Debates of the Constitutional Convention, 778 to 783. It is permissible to examine the debates of the Constitutional Convention for the purpose of ascertaining the views presented to the Convention and the understanding of its members, although the plain meaning of the words used in the Amendment cannot be thereby controlled. *Loring* v. *Young,* 239 Mass. 349, 368. The light shed by the debates on the question here presented, not only does not control but confirms the plain meaning of the relevant words of art. 48 of the Amendments.

The argument that the interpretation here set forth will enable the General Court to nullify the effect of art. 48 of the Amendments by tacking to any law an appropriation for a department cannot override the plain meaning of the pertinent words of the Amendment. Moreover, it cannot be presumed that the legislative department of the government will be actuated by unworthy motives or enact laws as a cover for ulterior aims.

There is ample field for the operation of the relevant

clause of art. 48 of the Amendments. The several departments of the Commonwealth organized pursuant to art. 66 of the Amendments do not include all the activities of the government. Without attempting any exhaustive discussion of this point, it is enough to say that the expenses of the Governor and Council and of officers serving directly under the Governor and Council, as well as expenses of the entire legislative and judicial departments of the government, are omitted from the second branch of the relevant clause of art. 48 and fall under its first branch. All those divisions of the activities of government are supported at the general expense of the Commonwealth as distinguished from its departments, boards, commissions and institutions. In a broad sense, of course all these expenses are borne by the Commonwealth. But the Constitution and its Amendments make separation between laws providing for the expenses of different divisions of the government. There is not thus destroyed or broken down the theoretical and practical distinction between the State and its government or its several departments. That distinction is to be maintained in its appropriate sphere. *Poindexter* v. *Greenhow,* 114 U. S. 270, 290, 291. But it is not germane to the legal conceptions involved in the decision of the case at bar.

The conclusion is that, according to the true meaning of the relevant clause of art. 48 of the Amendments to the Constitution, laws appropriating money for the current or ordinary expenses of the Commonwealth and laws appropriating money for any and all purposes, including the extraordinary and rare as well as the normal and usual expenditures of the departments, boards, commissions or institutions of the Commonwealth, are excluded from the operation of the referendum.

It is provided by said c. 122, by § 1, that the department of public works is authorized to expend for the construction of State highways $7,000,000 in addition to general appropriations of the current year; by § 2, that the department of public works is authorized under specified conditions to take land by eminent domain and to construct thereon a building, or to construct a building on land already owned

by the Commonwealth, or to purchase land and an existing suitable building, any such building to be for the use of the department of public works, and to expend for the purposes of this section a sum not exceeding $1,500,000; by § 3, that upon the request of the department of public works the State Treasurer is required to borrow for the purposes of the act sums not exceeding in the aggregate $8,500,000 in the manner and upon terms specified; by § 4, that an additional excise of one cent on each gallon of fuel is imposed to be levied and collected and the proceeds disposed of as provided in c. 64A inserted in G. L. by St. 1928, c. 316, § 1; by § 5, that certain assessments in respect to State highways required by law to be made upon cities, towns and counties are superseded for a defined period and certain advance payments by counties are to be repaid and the entire expense is borne by the Commonwealth. By § 6, further provision is made respecting the use of the building authorized by § 2. By § 7, provision is made for distribution from the Highway Fund (G. L. c. 90, § 34, as amended by St. 1928, c. 316, § 6; c. 64A, § 13) of $2,500,000 among certain municipalities, to be used and expended by them solely for highway purposes.

It has not been argued that said c. 122 does not appropriate money. It is manifest from this analysis of the act that such appropriations are made chiefly for the department of public works. That is one of the twenty departments organized in conformity to art. 66 of the Amendments to the Constitution. St. 1919, c. 350, Part I, § 1. G. L. Title II, page 30; cc. 9–28, inclusive. It is apparent from both the title and the substance of said c. 122 that the appropriations for the department of public works are not for current or ordinary expenses but are for designs outside the usual course of the conduct of that department. The appropriations are for highways and a building for the use of the Commonwealth. These are public purposes for which public moneys may be expended. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 50.

It follows from what has already been said that St. 1931, c. 122, falls within the matters which are excluded from the

referendum by art. 48 of the Amendments to the Constitution, "THE REFERENDUM," "*III.  Referendum Petitions,*" § 2, "*Excluded Matters.*"   The petitioners could not rightly demand from the respondent additional blanks to be signed by other petitioners.

All the arguments presented in behalf of the petitioners have been considered.   No further discussion seems to be required.

*Petition dismissed.*