HENRY A. CHRISTIAN & others *vs.* SECRETARY OF THE COMMONWEALTH.

Suffolk. May 17, 1933. — May 23, 1933.

Present: PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Constitutional Law*, Referendum. *Smoke. Nuisance. Words*, "Particular district or locality."

St. 1933, c. 76, entitled "An Act abolishing the division of smoke inspection [existing under G. L. (Ter. Ed.) c. 25, §§ 12C–12F] in the department of public utilities and relative to the abatement of smoke in the city of Boston and vicinity," is restricted in its operation to

"particular districts or localities of the commonwealth," and therefore is one of the "Excluded Matters" described in Part III, § 2, of The Referendum in art. 48 of the Amendments to the Constitution of the Commonwealth; and is not subject to the referendum.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on April 29, 1933, described in the opinion.

The case was reserved by *Donahue,* J., upon the petition and answer for determination by the full court.

*F. D. Putnam,* for the petitioners.

*E. T. Simoneau,* Assistant Attorney General, (*G. B. Lourie,* Assistant Attorney General, with him,) for the respondent.

PIERCE, J. This proceeding is a petition by twenty-two qualified voters of the Commonwealth for a writ of mandamus directed to the Secretary of the Commonwealth, asking that he be required to issue to the petitioners certain blanks to be used by them in obtaining signatures to a referendum petition on St. 1933, c. 76, entitled "An Act abolishing the division of smoke inspection in the department of public utilities and relative to the abatement of smoke in the city of Boston and vicinity."

The respondent admitted the allegations contained in paragraphs numbered 1, 2 and 3 of the petition; denied the allegation in paragraph 4 that it is his duty under the terms of art. 48 of the Amendments to the Constitution of Massachusetts, The Referendum, Part III, § 3, "to provide blanks for the use of subsequent signers of said petition"; and admitted the allegation contained in paragraph 5 that the petitioners "have demanded of the respondent that he furnish them with such blanks but the respondent has neglected and refused, and still neglects and refuses to do so." The respondent further answering says in substance that St. 1933, c. 76, is not subject to petition for a referendum under art. 48 of the Amendments to the Constitution of Massachusetts.

On the aforesaid petition the case came before a single justice of the Supreme Judicial Court and was reserved upon the petition and answer for the determination of the

full court.   The question of law for decision here is:  Does
St. 1933, c. 76, fall within the matters excluded from the
operation of the referendum because it is a law the opera-
tion of which is restricted to particular districts or localities
of the Commonwealth?   Art. 48 of the Amendments to the
Constitution, The Referendum, Part III, provides in § 1:
"*Contents.* — A referendum petition may ask for a referen-
dum to the people upon any law enacted by the general
court which is not herein expressly excluded."   Section 2
so far as pertinent to the issue here presented provides:
"*Excluded Matters.* — No law . . . the operation of which
is restricted to a particular town, city or other political
division or to particular districts or localities of the common-
wealth . . . shall be the subject of a referendum petition."
Section 1 of this act repeals G. L. (Ter. Ed.) c. 25, §§ 12C–
12F, inclusive.   G. L. (Ter. Ed.) c. 25, § 12C, creates in
the department of public utilities a division of smoke in-
spection and provides for an advisory council with powers
defined in § 12F.   Section 12D defines the functions of
division inspectors and assistants.   Section 12E provides
that the salaries and expenses of the director and employees
of the division shall be apportioned among certain cities and.
towns named in St. 1910, c. 651, as amended, and shall be
added to their proportion of the State tax.   Section 12F pro-
vides that the advisory council (referred to in 12C) shall con-
sist of five unpaid members appointed by the Governor, and
that it shall meet regularly "for the consideration of problems
and matters relating to the abatement of smoke."   The
said division of smoke inspection in the department of pub-
lic utilities was established by St. 1930, c. 380, § 1, (G. L.
[Ter. Ed.] c. 25, §§ 12C–12F, inclusive).   St. 1910, c. 651,
is entitled "An Act to provide for the abatement of smoke
in the city of Boston and vicinity."   By St. 1910, c. 651,
§ 1, it is provided: "In this act unless the context other-
wise requires: 'Board' means the board of gas and electric
light commissioners.  'District' means the district to which
the provisions of this act shall apply, to wit: — That part
of Boston harbor lying westerly of a line drawn from the
southeastern point of Deer island to the northeastern point

of Long island and the territory comprised within the cities of Boston, Cambridge, Somerville, Everett and Chelsea and the town of Brookline." St. 1910, c. 651, § 1, was amended by St. 1928, c. 301, § 1, by striking out the third paragraph of § 1 and inserting in place thereof the following: " 'District' means the district to which the provisions of this act shall apply, to wit: — That part of Boston harbor lying westerly of a line drawn from the southeastern point of Deer Island to the northeastern point of Long Island and the territory comprised within the cities and towns of Arlington, Belmont, Boston, Braintree, Brookline, Cambridge, Canton, Chelsea, Dedham, Everett, Lynn, Malden, Medford, Melrose, Milton, Needham, Newton, Quincy, Revere, Saugus, Somerville, Stoneham, Wakefield, Waltham, Watertown, Weymouth, Winchester, Winthrop and Woburn." St. 1910, c. 651, § 3, provides that the board shall appoint a smoke inspector who shall not engage in any other business, and such deputy inspectors as it may think proper, who shall be sworn to the faithful performance of their duties and shall hold office during the pleasure of the board. The remaining sections of St. 1910, c. 651, require that the board, i.e., the board of gas and electric light commissioners, shall enforce the provisions of the act and investigate all complaints made with reference to any violations thereof, make annual reports to the General Court, make rules and regulations with the approval of the Governor and council "for its own government, for the government of its employees and assistants, for the observation of smoke by the inspector or his duly authorized agents at reasonable intervals, and for keeping proper records of all observations."

The petitioners invoke the cardinal rule of interpretation "that '. . . where a provision, general in its language and objects, is followed by a proviso, the rule applicable to such cases occurring in statutes has been applied to constitutions, viz.; that the proviso is to be strictly construed, as taking no case out of the provision that does not fairly fall within the terms of the proviso, the latter being understood as carving out of the provision only specified exception, within the words as well as within the reason

of the former.'   Endlich, Interpretation of Statutes, 742,"
*Opinion of the Justices,* 254 Mass. 617, 620, and, apply-
ing the rule, contend that St. 1933, c. 76, does not fall
within the "Excluded Matters."   This contention is based
upon the argument that St. 1933, c. 76, "abolishes a division
in the department of public utilities . . . transfers the
powers and duties of that division to the commission itself,
and provides that the commission may appoint a smoke in-
spector, with assistants, with the obvious object of having
the commission assign all (or practically all) of the duties
relative to smoke inspection to that inspector," and that
the act puts the business of smoke inspection and the en-
forcement of the smoke abatement back where it was be-
fore the division of smoke inspection was created in 1930.
They further contend that St. 1933, c. 76, § 5, which re-
pealed St. 1930, c. 412, was passed for reasons of economy,
in that St. 1930, c. 412, had "largely increased the duties of
the division, and so probably its expenses, and abolishes the
office of director (the full-time, experienced engineer), and
thus saves his salary."   Compare St. 1930, c. 380, § 1, St.
1933, c. 76, § 3, St. 1910, c. 651, § 3.   The petitioners recog-
nize that there is good reason for the exclusion of the opera-
tion of referendum laws when applied to legislation relating
to religion, religious practices, religious institutions or to
the appointment, qualification, removal or compensation of
judges, but contend that the exclusion of the right to a
referendum petition when the law relates to particular
towns, cities, districts and localities requires that the "op-
eration" of such law must be "restricted" to said particular
cities, towns, districts or localities;   that the intent was to
prevent the people of the Commonwealth as a whole from
passing upon purely local matters.   They further contend
that St. 1933, c. 76, is not strictly restricted in its operation
to a particular district or locality, in that it abolishes a
division in a State department as an economy measure
and also abolishes an advisory council on smoke abate-
ment.   They concede that the ultimate operation of the
law touches primarily those who live and work in part of
Boston Harbor, all of the city of Boston, and twenty-eight

other cities and towns in the neighborhood of Boston; and they admit that those cities and towns are called in St. 1910, c. 651, § 1, and in various statutes cited above, a "district." Inferentially they contend that the word "district" is a misnomer when applied, as here, to an area containing about three hundred square miles, which includes the capital of the Commonwealth and has a population of one million eight hundred thousand. They point out that they "can easily conceive of the inhabitants of the State as a whole being much interested in the efficient abatement of the smoke nuisance in their State capital and the neighboring vicinity"; that the citizens of the Commonwealth as a whole might well be interested in having an experienced engineer and an advisory council appointed by the Governor administer the anti-smoke laws rather than have the entire work delegated to a smoke inspector appointed by the public utilities commission. They contend that the "operation" of this law in no genuine sense is restricted to a "particular district or locality" named in St. 1928, c. 301, § 1, and in support of this contention they point out that it is a matter of common knowledge "that smoke, with its poisonous and deleterious contents, drifts for long distances from the point of origin of the smoke itself," and that the towns adjacent to the area or district benefit from the abatement of smoke in towns and cities within the "district."

The petitioners recognize that the particular language of the "Excluded Matters" now under consideration by this court was considered in the debates in the Constitutional Convention of 1917–1918 and that the debates are reported in Debates in Constitutional Convention 1917–1918, vol. II, page 703. It is not controverted by the petitioners that "It is permissible to examine the debates of the Constitutional Convention for the purpose of ascertaining the views presented to the Convention and the understanding of its members, although the plain meaning of the words used in the Amendment cannot be thereby controlled." *Yont* v. *Secretary of the Commonwealth,* 275 Mass. 365, 369. Applying the rule quoted from *Yont* v. *Secretary of the*

*Commonwealth,* the petitioners contend that "the reasons set forth in Mr. Walker's explanation [respecting Excluded Matters] do not reach to the law now before this court"; that simply calling a group of cities and towns, with part of a harbor, a "district" (St. 1910, c. 651, § 1, and St. 1928, c. 301, § 1) does not make the area described a "district" within the proper use of that word in the section in "Excluded Matters" nor is the operation of the law "restricted" to that "district." An examination of the Debates in the Constitutional Convention, vol. II, page 677, discloses that the original resolution reported to the Constitutional Convention with respect to excluded matters under the referendum read as follows: "No law . . . the operation of which is restricted to a town, city or other political division of the Commonwealth, shall be the subject of such referendum petition." Amendments were offered by Mr. Joseph Walker, of Brookline, to so much of the resolution quoted above, by inserting after the word "division" the words "or to a particular district or locality," and by inserting before the word "town" the word "particular." Pages 702–703. Before the adoption of these amendments, in answer to an inquiry Mr. Walker said: "The whole purpose of this 'Excluded Matters' is to exclude matters that are not of State wide interest, those that relate merely to a particular town or city. There is no sense in having a State wide referendum or a State wide initiative petition upon it. It has been pointed out to me that by simply saying 'town or city' I was permitting a State wide referendum or a State wide initiative petition on a matter affecting, for instance, the metropolitan district or a group of cities or any locality which could not be defined by the words 'a town or city.' Therefore I am inserting these words so that a provision which relates to a particular district like the metropolitan district would not be the subject of a State wide initiative or referendum." As respects the words "or to particular districts or localities" used in art. 48 of the Amendments to the Constitution, The Initiative, Part II, § 2, "Excluded Matters," Mr. Walker, in explaining an amendment adding the words "or to a par-

ticular district or locality" said: "I think I should have made, perhaps, an exception in regard to that amendment, because that is not purely verbal. Under the heading 'Excluded Matters,' in the resolution, page 5, the intention was to exclude purely local matters, matters that were not State wide matters. A matter relating to a city or town should be dealt with by the Legislature or by that city or town, or by the Legislature referred to that city or town. It is clear that a matter referring to a particular city is not a matter of State wide interest that should be dealt with by the State wide initiative and referendum. At least that is the view of your committee. It was called to my attention that there are groups of towns, such as, for instance, the metropolitan water and sewerage district, the metropolitan park district, and perhaps other districts of that kind, and here is where these words are applicable, 'or to a particular district or locality.' Laws that relate to a particular district or locality as opposed to the Commonwealth as a whole were supposed to be described by those words. That was the purpose of putting them in. It was not intended to change the meaning of that exclusion at all, but to make it clear that it was simply a little wider than a single city or town. It might apply to a group of cities or towns." Page 693.

In the light afforded by the record of the Debates in the Constitutional Convention above quoted, and in view of the *Opinion of the Justices*, 254 Mass. 617, and the *Opinion of the Justices*, 261 Mass. 523, 553–554, we are of opinion that the provisions of St. 1933, c. 76, are restricted in operation to "particular districts or localities" as this phrase is used in art. 48 of the Amendments to the Constitution, and that consequently the provisions of St. 1933, c. 76, fall within matters which are excluded from a referendum, and that the petitioners cannot rightly demand from the respondent additional blanks to be signed by other petitioners. It results that the petition is to be dismissed with costs.

*So ordered.*