JOHN WILLIAM WARD & others[1] *vs.* DAVID B. COLETTI.

Suffolk.    October 6, 1980. — October 21, 1980.

Present: GRANT, BROWN, & GREANEY, JJ.

*Special Commission. Investigating Body. Contempt,* Stay pending appeal. *Constitutional Law,* Referendum, Appropriation of money. *Statute,* Effective date.

The commitment of a defendant to jail following a judgment of civil contempt arising from the defendant's refusal to answer questions put to him by the Special Commission Concerning State and County Buildings was stayed pending appeal where the appeal raised meritorious questions of constitutional dimension with respect to whether the provisions of St. 1980, c. 257, §§ 2 and 3, were effective to extend the legal existence of the Commission to the time when the questions were asked which the defendant refused to answer. [631-633]

CIVIL ACTION commenced in the Superior Court Department on July 30, 1980.

A judgment of contempt was entered by *Wagner, J.*

A motion for stay of execution of the judgment, filed in the Appeals Court, was heard by *Kass, J.*

*James R. DeGiacomo (Loring A. Cook, III,* with him) for the defendant.

*Michael G. Tracy (Susan S. Beck & Terry K. Mond* with him) for the plaintiffs.

GRANT, J.    The respondent has been committed to the Charles Street jail in Boston following a judgment of civil contempt entered against him in the Superior Court because of his refusal to obey earlier orders of that court requiring him to answer questions put to him by the Special Commission Concerning State and County Buildings (Commission). See Res. 1978, cc. 5 and 9; Res. 1979, c. 11; *Ward* v.

---

[1] The petitioners are the members of the Special Commission Concerning State and County Buildings.

*Peabody,* 380 Mass. 805 (1980). Requests by the respondent for a stay of that judgment pending appeal have been denied by the Superior Court and by a single justice of this court. The case is now before us on an expedited appeal from the order of the single justice. Rule 2:01 of the Appeals Court, as amended, 3 Mass. App. Ct. 805 (1975).

On March 28, 1979, the Commission issued a summons to the respondent to appear before it and produce evidence in connection with certain State and county building contracts. The respondent appeared on April 11, 1979, but invoked his privileges against self-incrimination. On June 10, 1980, the Governor approved the provisions of St. 1980, c. 257, which will be discussed shortly; it is enough to note at this point that § 2 of that act ("An Act relative to the appropriation and extension of time within which the special commission established to make an investigation and study relative to certain state and county buildings shall make its final report") purported to extend the life of the Commission and its right to secure testimony from June 30, 1980, until December 31, 1980. On June 27, 1980, a single justice of the Supreme Judicial Court, acting under Res. 1979, c. 11, entered an order directing the respondent to give testimony and produce evidence before the Commission and granting him limited immunity from criminal prosecution in connection therewith. On July 21, 1980, the Superior Court, purporting to act under the same Res. 1979, c. 11, ordered the respondent to appear and testify before the Commission. On July 24, 1980, the respondent appeared before the Commission but refused to answer the questions put to him. Another order compelling the respondent's testimony was entered on August 28, 1980. The respondent balked again on September 8, 1980. He was adjudged in civil contempt on September 26, 1980, and committed on that date "until the 31st day of December, 1980 or until the expiration of the life of the Special Commission whichever is the later date or, until he complies with said Order or is otherwise discharged." The respondent appealed from the judgment of contempt. The appeal now before us is from

the order of the single justice, also entered on September 26, 1980, denying the respondent's application for a stay of the judgment of contempt pending his appeal therefrom.

The pivotal question on appeal from the judgment of contempt will be whether the provisions of St. 1980, c. 257, §§ 2 and 3, were effective to continue beyond June 30 of this year, and into July and August, the power of the Commission under Res. 1979, c. 11, to ask the questions which the respondent refused to answer and the jurisdiction of the Superior Court under the same resolve to enter the orders which the respondent refused to obey.

As already indicated, § 2 of c. 257 purported to extend the life of the Commission until December 31 of this year. Section 3 of the same chapter provided that the act should take effect on its passage, and the act was approved by the Governor on June 10 of this year. As the act did not contain an emergency preamble or an emergency statement under art. 48 of the amendments of the Constitution of the Commonwealth, The Referendum, part 2, and as there is nothing in part 3, § 2, of the referendum provisions of art. 48 which would exclude a law extending the life of a legislative commission from the operation of the referendum provided for in part 3, § 1, of the referendum provisions of art. 48, the question immediately arises whether the provisions of St. 1980, c. 257, could take effect prior to the expiration of the ninety-day period provided in part 1 of the referendum provisions of art. 48.[2]

The principal battle on the appeal from the judgment of contempt will be over the answer to the question whether § 1 of St. 1980, c. 257, which is set forth in the margin,[3]

---

[2] See also G. L. c. 4, § 1.

[3] "Section 2 of chapter 145 of the acts of 1980 is hereby amended by inserting before the caption EXECUTIVE OFFICE OF ADMINISTRATION AND FINANCE the following: —

"THE DEPARTMENT OF THE ATTORNEY GENERAL.

"0810-0041    For the expenses of an investigation and study by a special commission relative to corruption involved in certain state

gave the whole of that chapter the character of a law that "appropriate[d] money for the current or ordinary expenses of the commonwealth or for any of its departments, boards, commissions or institutions" within the meaning of part 3, § 2, of the referendum provisions of the aforementioned art. 48 so as to preclude c. 257 from being subject to a referendum and permit it to take effect on June 10, 1980. See *Yont* v. *Secretary of the Commonwealth*, 275 Mass. 365, 367-370 (1931). The difficulty with attempting to characterize c. 257 as a law that "appropriate[d] money" is that the underlying bill was enacted sixteen days prior to final approval by the Governor (on June 25, 1980) of the general appropriation bill for fiscal 1981 (St. 1980, c. 329) and would thus appear to run contrary to the provision in art. 63, § 3, of the Amendments to the Constitution that "before final action on the general appropriation bill [the Legislature] shall not enact any other appropriation bill except on recommendation of the governor." [4] See *Opinion of the Justices*, 300 Mass. 630, 635-636, 640-641 (1938); *Opinion of the Justices*, 308 Mass. 601, 608-609, 615 (1941); *Murray* v. *Secretary of the Commonwealth*, 345 Mass. 23, 26-27 (1962). We have not been advised of any such recommendation, nor have we found any. [5] Thus, the possibility exists that c. 257 was never validly enacted.

It should be apparent by now that the appeal from the judgment of contempt raises meritorious questions of constitutional dimension which were not considered in *Ward* v.

---

and county building contracts, as authorized by chapter five of the resolves of nineteen hundred and seventy-eight, and amended by chapter eleven of the resolves of nineteen hundred and seventy-nine, as amended, appropriation expires December thirty-first, nineteen hundred and eighty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $484,663"

[4] It should be noted (as the parties agree in their briefs) that § 1 of c. 257 purported to authorize the expenditure of money not only in the fiscal year 1980 but also in the fiscal year 1981.

[5] So far as we have been able to ascertain, the only legislative documents underlying St. 1980, c. 257, are 1980 House Doc. Nos. 1 (Item 0810-0041), 5731, 6439 and 6623.

*Peabody,* 380 Mass. 805 (1980), concerning the legal ex-
istence of the Commission when the questions were asked
which the respondent refused to answer and concerning the
jurisdiction of the Superior Court to enter the orders which
the respondent refused to obey. We regard those questions
as ones which are worthy of presentation to an appellate
court and as ones which, without prejudging their merits,
offer a reasonable possibility of a decision favorable to the
respondent. See and compare *Commonwealth* v. *Allen,*
378 Mass. 489, 499 (1979); *Commonwealth* v. *Levin,*
7 Mass. App. Ct. 501, 504 (1979).[6] We conclude, in the ex-
ercise of our own independent judgment, that the respond-
ent should be afforded relief from his commitment pending
appeal.

Accordingly, the order of the single justice is vacated, the
mittimus issued by the Superior Court is quashed, the judg-
ment of contempt is stayed pending the diligent prosecution
of the appeal therefrom, and the case is remanded to the
single justice, who is to expedite and monitor the progress of
the appeal. The rescript is to issue forthwith.

*So ordered.*

This case was argued before a panel comprised of Justices
Brown, Greaney and Dreben. Justice Dreben thereafter
disqualified herself from further participation in the case,
which was then submitted to Justice Grant on the record
and briefs, by agreement of the parties and without further
argument.

---

[6] We have not been asked to consider whether St. 1980, c. 257, should
be excluded from the operation of the referendum provisions of the Con-
stitution as a law relating to the "powers . . . of courts" (see *Common-
wealth* v. *Yee,* 361 Mass. 533, 537-538 [1972]), and we do not do so at this
juncture.