STUART THOMPSON & another[1] *vs.* ATTORNEY GENERAL & another.[2]

Suffolk. May 7, 1992. - July 6, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Constitutional Law*, Initiative petition. *Initiative.*

The Attorney General correctly certified a certain initiative petition where the proposed measure, seeking to promote packaging reduction and recycling, was not restricted to a particular town, city or other political subdivision or to particular districts or localities of the Commonwealth as proscribed by art 48, The Initiative, II, § 2, of the Amendments to the Massachusetts Constitution, as amended by art. 74 of the Amendments. [23-24]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 2, 1992.

The case was reported by *Abrams*, J.

*Robert P. Rodophele* (*Gerald J. Caruso & Anne Edwards Coolidge* with him) for the plaintiffs.

*Peter Sacks*, Assistant Attorney General (*Margaret R. Stolfa*, Special Assistant Attorney General, with him) for the Attorney General & another.

*David A. Nicholas & Charles C. Caldart*, for the Governor & others, amici curiae, submitted a brief.

ABRAMS, J. The plaintiffs, two registered voters, filed a complaint (and an amended complaint) in the Supreme Judicial Court for the county of Suffolk seeking (1) a declaration that an initiative petition, entitled "An Act to promote packaging reduction and recycling" (Act), does not comply with art. 48 of the Amendments to the Massachusetts Constitu-

---

[1]Patricia L. Howard.

[2]Secretary of the Commonwealth.

tion, as amended by art. 74 of the Amendments, and (2) an injunction to prevent the Secretary of the Commonwealth from placing the petition on the November, 1992, ballot. A single justice reserved and reported the case on the amended complaint, the answer to the amended complaint and a statement of agreed facts.[3] The plaintiffs argue that in order to comply with art. 48, The Initiative, II, § 2, a petition must propose a measure which applies either to all or none of the political subdivisions of the Commonwealth. Therefore, the plaintiffs claim, the Attorney General's certification of the initiative petition was improper because the proposed measure "is restricted to a particular town, city or other political subdivision or to particular districts or localities of the commonwealth." We do not agree. We conclude that the Attorney General correctly certified the petition.

*The petition.* The petition proposes to add a new chapter (c. 21K) to the General Laws governing the reduction and recycling of packaging. Section 2 of the Act would provide that, with certain exceptions not relevant to this action, "no packager shall use or cause to be used wasteful packaging." The term "wasteful packaging" is defined as "packaging that is neither (1) reduced packaging, nor (2) reusable packaging, nor (3) recycled content packaging, nor (4) packaging made of materials which are being effectively recycled, nor (5) packaging which is being effectively recycled," as these terms are defined by the Act. A "packager" is defined, in § 3 (*a*) of the Act in pertinent part, as "the first person to receive possession of the product in the commonwealth, and the person who places such products in such packaging." In turn, § 3 of the Act also defines "person" as "any individual, trust, firm, joint stock company, corporation, partnership, or association engaged in business or in providing service, including the commonwealth of Massachusetts and any authority, district or political subdivision of the commonwealth of Massachu-

---

[3]An amicus brief was filed on behalf of the original signers of Initiative Petition 91-20.

setts, except for any city or town of the commonwealth of Massachusetts."[4]

*Discussion.* The plaintiffs claim that the petition impermissibly proposes a measure which applies only to some, but not all, of the political subdivisions of the Commonwealth. According to the plaintiffs, the Act violates art. 48 because it "incorporates value judgments of a parochial nature in contravention of the intent of the Framers to preclude purely local matters from the initiative process."

The plaintiffs misapprehend the "particular districts or localities exclusion" of art. 48. *Massachusetts Teachers Ass'n v. Secretary of the Commonwealth,* 384 Mass. 209, 224 (1981). Its purpose is "to exclude from the initiative process legislation having only a regional impact"; that is, legislation which "affects only one political subdivision or only particular districts or localities and thus addresses a parochial concern." *Id.* See *Opinion of the Justices,* 294 Mass. 607, 609 (1936) ("proposed measure by its geographical specification is limited to . . . cities," and therefore not proper subject of initiative petition); *Mount Washington v. Cook,* 288 Mass. 67, 74 (1934) ("restriction to a particular town, city or other political subdivision or to particular districts or localities must be specified in the law itself in terms which expressly or by fair implication are geographically descriptive of territorial divisions of the Commonwealth, in order that the law be an excluded matter"); *Christian v. Secretary of the Commonwealth,* 283 Mass. 98, 104 (1933) ("whole purpose of this Excluded Matters [exception] is to exclude matters that are not of State wide interest, those that relate merely to a particular town or city"), quoting 2 Debates in the Constitutional Convention 1917-1918, 693 (1918).

Here, the Act's exemption of cities and towns is not a geographical exemption; it exempts all cities and towns only in their role as putative packagers of retail products or purchas-

---

[4]The preamble to the petition states, among other things, that "cities and towns and the citizens of the commonwealth are now making aggressive efforts to reduce, reuse and recycle."

ers of out-of-State packaged products. The Act has no local or regional focus, and does not specifically provide for the inclusion or exclusion of any particular city or town. As noted above, the entities that would be subject to the Act include (1) any business in any city or town in the Commonwealth; (2) the Commonwealth itself; (3) county governments; and (4) any governmental authority, district, or other political subdivision of the Commonwealth (other than a city or town). The Act therefore would regulate private and governmental conduct in *all* geographic areas, including every city and town, of the Commonwealth.[5] Because the Act "addresses a matter of Statewide concern," *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth, supra* at 225, it properly may be the subject of an initiative petition.

The case is remanded to the county court where a judgment shall enter declaring that the Attorney General correctly certified the petition because the operation of initiative petition 91-20 is not "restricted to a particular town, city or other political subdivision or to particular districts or localities of the commonwealth" as proscribed by art. 48, The Initiative, II, § 2.

*So ordered.*

---

[5]The Act need not have a uniform application; rather, it need only have some application throughout the Commonwealth. *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth*, 384 Mass. 209, 224 (1981).