CHARLES A. ASH & others[1] *vs.* ATTORNEY GENERAL & another.[2]

Suffolk. May 5, 1994. - July 14, 1994.

Present: LIACOS, C.J., WILKINS, LYNCH, & GREANEY, JJ.[3]

*Constitutional Law*, Initiative petition. *Initiative. Attorney General. Rent Control*, Prohibition.

The Attorney General properly certified an initiative petition entitled "An Act to prohibit rent control in Massachusetts, except where voluntary, following an initial 6-month period," where the rent control ban contained in the act applied to every municipality in the Commonwealth, and thus was not a local matter excluded from the initiative process under art. 48 of the Amendments to the Massachusetts Constitution. [347-349]

The Attorney General's summary of an initiative was a "fair, concise summary" of the proposed measure, as required by art. 48, The Initiative, II, § 3. [349-350]

A challenge to the validity of an initiative petition on grounds independent of the requirements of art. 48 of the Amendments to the Massachusetts Constitution would not be addressed by this court unless and until the measure is enacted. [350]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 8, 1994.

The case was reported by *Lynch*, J.

*Ruth A. Bourquin* for Charles A. Ash & others.

*David A. Hoffman* for city of Cambridge.

*Peter Sacks*, Assistant Attorney General, for the Attorney General & another.

---

[1]Leonard Dankner, Malcom Kaufman, Charles D. Knight, Helen Kukuk, Veda A. Wright, and the city of Cambridge.

[2]The Secretary of the Commonwealth.

[3]Justice Nolan, who was on the panel hearing this case, has recused himself.

*Ieuan G. Mahony* (*William A. McDermott, Jr.*, with him) for the interveners.

*Thomas J. Urbelis, Deirdre D. Donohue & Michael P. Curran,* for City Solicitors and Town Counsel Association, amicus curiae, submitted a brief.

*Albert W. Wallis,* Corporation Counsel, *& Kathryn B. Palmer,* Special Assistant Corporation Counsel, city of Boston, amicus curiae, submitted a brief.

LIACOS, C.J. Six individuals and the city of Cambridge (plaintiffs) filed a complaint in the Supreme Judicial Court for Suffolk County, seeking declaratory and injunctive relief against the defendants, the Attorney General and Secretary of the Commonwealth (Secretary). The plaintiffs challenge the Attorney General's certification of an initiative petition entitled "An Act to prohibit rent control in Massachusetts, except where voluntary, following an initial 6-month period," claiming that it violates art. 48 of the Amendments to the Massachusetts Constitution. Ten of the twelve individuals who filed the initiative petition were allowed to intervene.[4] The single justice reserved and reported the case to the full court.

The facts are these. On August 4, 1993, the initiative petition was filed with the Attorney General. The petition contains an act entitled "The Massachusetts Rent Control Prohibition Act" (act), which, if approved through a Statewide election, would be inserted into the General Laws as c. 40O. The stated purpose of the act is to "establish a uniform statewide policy that broadly prohibits any regulatory scheme based upon or implementing rent control," except where the regulatory scheme is voluntary after six months. Section 4 of the act states that: "No city or town may enact, maintain or enforce rent control of any kind, except that any city or town that accepts this chapter may adopt rent control regulation." Compliance with such a regulation would become "voluntary

---

[4]The following individuals intervened: Denise A. Jillson, Lucas Schloming, Damian Schloming, Salim E. Kabawat, Aline M. Sullivan, David P. Sullivan, Linda B. Levine, Susan E. Batchelder, Lenore S. Schloming, and Ralph H. Schloming.

and uncoerced" after a six-month period.[5] Under the act, municipalities may not regulate rental units "owned by a person or entity owning less than ten rental units or that [have] a monthly fair market rent exceeding $400," and municipalities must compensate owners of units subject to regulation for the difference between the regulated rent and the fair-market rental value of the units.

The Attorney General solicited comments and legal memoranda concerning the initiative proposal. On September 1, 1993, in a letter to the Secretary, the Attorney General certified that the initiative was in proper form and that it contained only subjects not excluded from the initiative process by art. 48. The Attorney General also submitted to the Secretary a summary of the act pursuant to art. 48.

---

[5]Section 4 of the proposed Massachusetts Rent Control Prohibition Act provides, in its entirety:

"Section 4. *General Prohibition; Exception.* No city or town may enact, maintain or enforce rent control of any kind, except that any city or town that accepts this chapter may adopt rent control regulation that provides:

"(a) after six (6) months from the date of the initial adoption of rent control regulation by a particular city or town, compliance on the part of property owners as to the rent control regulation or any subsequently adopted rent control regulation shall be entirely voluntary and uncoerced, and the property of a person or entity declining to have his or its property subjected to such regulation shall be wholly unaffected by any aspect of the rent control regulation or any subsequently adopted rent control regulation;

"(b) such regulation may not include the regulation of occupancy, services, evictions, condominium conversions or the removal of properties from such regulation, nor may such regulation apply to any rental unit that is owned by a person or entity owning less than ten rental units or that has a monthly fair market rent exceeding $400; and

"(c) a municipality adopting such regulation shall compensate owners of rent-controlled units for each unit in the amount of the difference between the unit's fair-market rent and the unit's below-market, rent-controlled rent, with such compensation coming from the municipality's general funds, so that the cost of any rent control shall be borne by all taxpayers of a municipality and not by the owners of regulated units only."

The plaintiffs assert that the initiative proposal violates art. 48, in that it contains matters excluded from initiatives, namely, matters restricted to particular localities. They further argue that the summary of the act prepared by the Attorney General violates art. 48, in that it is inaccurate and unfair. We examine each issue.[6]

1. *Local matters exclusion.* The plaintiffs argue that the rent control ban contained in the act is a matter excluded from the initiative process under art. 48, because rent control is presently in effect in only a few municipalities in the Commonwealth.[7]

Section 3 of art. 48, The Initiative, II, provides that the Attorney General shall certify that a measure within an initiative petition "contains only subjects not excluded from the popular initiative." Section 2, entitled "Excluded Matters," states, in part: "No measure . . . the operation of which is restricted to a particular town, city or other political division or to particular districts or localities of the commonwealth . . . shall be proposed by an initiative petition." The plaintiffs argue that, since rent control programs presently are in effect only in a small number of municipalities, the operation of the rent control ban included in the act is restricted to those particular localities in violation of art. 48.

"The particular districts or localities exclusion of the initiative provisions of art. 48 does not require that a proposed statute have uniform, Statewide application." *Massachusetts*

---

[6]The interveners question the standing of the city of Cambridge to bring this action. "Because there is at least one plaintiff who has standing to raise each of the issues argued to us . . . we do not pause to determine which particular plaintiff or plaintiffs are entitled to advance particular issues . . . ." *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth*, 384 Mass. 209, 214 (1981).

We acknowledge with appreciation the amicus briefs submitted by the city of Boston and the City Solicitors and Town Counsel Association.

[7]The parties agreed to the following: "The municipalities of Cambridge, Boston and Brookline currently maintain and enforce systems of mandatory rent control . . . . The municipality of Amherst currently maintains a system of rent review . . . . The municipalities of Lowell, Waltham and Somerville have received enabling authority to maintain and enforce systems of rent review."

*Teachers Ass'n* v. *Secretary of the Commonwealth*, 384 Mass. 209, 224 (1981). A proposed act, which on its face applied uniformly to all municipalities in the Commonwealth, is not excluded from the initiative process "even though . . . it may [have] effect[ed] a change of the law for the city of Boston only." *Opinion of the Justices*, 300 Mass. 602, 605 (1938). See 2 Debates in the Constitutional Convention 1917-1918, at 693 (1918) ("Under the heading 'Excluded Matters', in the resolution . . . the intention was to exclude purely local matters, matters that were not State wide matters"). "The meaning of the words of [art. 48], speaking broadly, is that the restriction to a particular town, city or other political subdivision or to particular districts or localities must be specified in the law itself in terms which expressly or by fair implication are geographically descriptive of territorial divisions of the Commonwealth, in order that the law be an excluded matter." *Mount Washington* v. *Cook*, 288 Mass. 67, 74 (1934). See *Massachusetts Teachers Ass'n, supra; Thompson* v. *Attorney Gen.*, 413 Mass. 21, 23-24 (1992).

The rent control ban contained in the act, by its terms, applies to every municipality in the Commonwealth. Although it may appear to be a purely local issue, it is not. Section 7 (5) of art. 89 of the Amendments to the Massachusetts Constitution (home rule amendment) has reserved the power to regulate the landlord-tenant relationship to the Legislature to the exclusion of municipal governments, as such regulation governs civil relationships. See *Marshal House, Inc.* v. *Rent Review & Grievance Bd. of Brookline*, 357 Mass. 709, 719-720 (1970). It is within the power of a municipality to enact a rent control program only when the Legislature has explicitly delegated that power to the municipality. Thus, rent control is an issue of Statewide concern.

We conclude that the rent control ban contained in the act is not a matter excluded from the initiative process under art. 48.[8]

2. *The Attorney General's summary.* The plaintiffs assert that the Attorney General's summary is inaccurate and misleading, and is therefore not "a fair, concise summary," as is required by art. 48, The Initiative, II, § 3.

Article 48, The Initiative, II, § 3, requires that the Attorney General present to the Secretary, "a fair, concise summary . . . of the proposed measure." Thus, "an element of discretion is involved in the preparation of a summary — what to include, what to exclude, and what language to use. The exercise of discretion by the Attorney General, a constitutional officer with an assigned constitutional duty, should be given weight in any judicial analysis of the fairness and adequacy of a summary." *Massachusetts Teachers Ass'n, supra* at 230.

The summary states, in part: "The proposed law would prohibit any city or town from enacting, maintaining or enforcing any law that requires below-market rents for residential properties." The plaintiffs argue that this statement is misleading, because the Legislature will be free in the future to enact legislation enabling any municipality to adopt a comprehensive rent control program. They cite the familiar rule that mere statutes cannot bind future Legislatures to act or not to act. This does not render the summary misleading or otherwise unfair. The act, if enacted, will be the law of the Commonwealth until the Legislature changes it. "Nothing in art. 48 requires the summary to include legal analysis or in-

---

[8]In their argument, the plaintiffs assert that the exception contained in the act, which authorizes municipalities to enact limited rent control programs, is not a law, as it does not authorize municipalities to do anything that they are not presently entitled to do. This argument is without merit. As discussed, *supra,* in the absence of enabling legislation authorizing them to do so, municipalities may not regulate the relationship between landlord and tenant. Thus, the act, in authorizing limited municipal rent control programs, would alter the powers of municipalities.

terpretation." *Associated Indus. of Mass.* v. *Secretary of the Commonwealth,* 413 Mass. 1, 12 (1992).

The plaintiffs argue further that the Attorney General's discussion of the exception to the general ban is misleading. It implies, they say, that municipalities that enact rent control programs under the exception will be required to subsidize landlords for only the six-month period during which the programs may be mandatory, whereas the act states that municipalities shall subsidize landlords who voluntarily participate beyond the six-month period.[9] "[W]e believe the summary fairly states the 'sum and substance' of the measure." *Id.* The summary is not misleading. It states that a municipality would have to subsidize the owners of controlled units, and that owners may only be required to comply for six months. It does not state that owners who continue to subject their property to regulation need not be compensated.

The summary is a fair, concise appraisal of the act, and therefore does not violate the requirements of art. 48, The Initiative, II, § 3.

3. *Other matters.* The plaintiffs argue that, if approved and enacted as law, the act will be invalid, independent of the requirements of art. 48. We decline to address the issue. "[A]rguments regarding the validity of an initiative petition, not based on failure to comply with art. 48, cannot be pursued unless and until the measure has been enacted." *Yankee Atomic Elec. Co.* v. *Secretary of the Commonwealth,* 402 Mass. 750, 754 (1988).

4. *Conclusion.* We conclude that the Attorney General's certification of the initiative petition and his summary of that petition are in compliance with the requirements of art. 48.

---

[9]The relevant portions of the summary provide: "Cities and towns would be authorized to adopt rent control for a six-month period . . . . The city or town would have to pay the owners of rent-controlled units the difference between the controlled rent and the fair-market rent. After six months, owners of rent-controlled units would not be required to comply with the rent control regulation . . . ."

The case is remanded for entry of a declaratory judgment to that effect.

*So ordered.*